UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

DAISY, INC., a Florida corporation,
Individually and as the representative
Of a class of similarly situated persons,

      Plaintiff,              CASE NO.: 2:14-cv-564-FtM-38CM

v.

POLLO OPERATIONS, INC., EDWARD
PRIORE and JOHN DOES 1-10,

      Defendants.

_____/

### DEFENDANT'S MOTION TO DISMISS CASE PURSUANT TO FED. R. CIV. P. 12 (b)(1) OR, IN THE ALTERNATIVE DISMISS WITH PREJUDICE PURSUANT TO FED. R. CIV. P. 12(b)(6) AND INCORPORATED MEMORANDUM OF LAW

Defendant Pollo Operations Inc. ("Pollo" or "Defendant"), by and through its counsel and pursuant to Federal Rule of Civil Procedure 12(b)(1) and alternatively Rule 12(b)(6) requests this Court to dismiss Plaintiff Daisy Inc.'s ("Daisy" or "Plaintiff") Complaint. In support of its motion Pollo states as follows:

On September 29, 2014, Daisy brought suit alleging that three, nearly four-year-old facsimile communications violated the Telephone Consumer Protection Act of 1991, 47 U.S.C. §227 ("TCPA" or "Act"). Daisy's total maximum damages are $4,500.00. Additionally, Daisy seeks broad injunctive relief requesting that Defendants not send any additional such faxes. (Dkt. No. 1 at p. 13.)

In a settlement letter dated December 1, 2014, Defendant Pollo Operations, Inc. ("Pollo") offered to pay $15,000 – a premium triple Daisy's available recovery – to resolve Daisy's claim and also agreed to the injunctive relief sought in the Complaint. (*See* settlement letter attached

hereto as Ex. A.)  Pollo also delivered a parallel offer of judgment in accordance with Federal Rule of Civil Procedure 68 offering the same terms.  (*See* Offer of Judgment attached hereto as Ex. D.)  Whether in the form of an offer of judgment or through the settlement letter, Pollo is willing to allow a judgment to be entered in an amount that will fully compensate Daisy and prevent further alleged harm.  Under governing law, Plaintiff's claim is now moot as no claim or controversy exists.  *See Damasco v. Clearwire Corp.*, 662 F.3d 891 (7th Cir. 2011); *Krzykwa v. Phusion Projects, LLC*, 920 F. Supp. 2d 1279 (S.D. Fla. 2012); *Porter v. Collecto, Inc.*, No. 14–21270–CIV, 2014 WL 2883979 (S.D. Fla. June 25, 2014).

Additionally, the Complaint itself is fatally flawed as it fails to properly allege a cause of action against Pollo, or even the elements of a class.  In particular, the Complaint fails to provide any notice of wrongdoing as required by Federal Rule of Civil Procedure 8, and instead it simply recites portions of the TCPA statute and repeatedly alleges unstated wrongdoing on "information and belief."

As such, the Complaint should be dismissed with prejudice if the Court determines it is not moot.

## ARGUMENT AND MEMORANDUM OF LAW

### RELEVANT ALLEGATIONS AND BACKGROUND

Daisy alleges that it received unlawful faxes on December 25, 2010, December 29, 2010, and January 9, 2011.  (Dkt. No. 1 at ¶2.)  Daisy is located at 1335 Del Prado Blvd. S,  in Cape Coral, Florida.  (*See* Florida Department of State, Division of Corporations "Detail by Entity Sheet for Daisy Inc. attached hereto as Ex. B.)  Defendant Pollo is a restaurant company that operates quick service restaurants under the Pollo Tropical mark.  The faxes reference the Pollo Tropical restaurant located at 1652 NE Pine Island, in Cape Coral, Florida. (Dkt. No. 1, at Ex.

A.)  Daisy and Pollo are approximately 3 miles away from each other.  (*See* Google Map attached hereto as Ex. C.)[1]

While the Complaint references the TCPA, it does not allege with any specificity how the faxes violated the TCPA.  For example, the Complaint states, "Defendants' facsimile did not display a proper opt-out notice as required by 47 CFR §164.1200."  (Dkt. No. 1 at ¶19.) However, it does not provide any allegations as to how the disclaimer on the faxes attached to the Complaint fails to meet TCPA disclaimer requirements.  Daisy further alleges that Defendant Edward Priore was a "fax broadcaster" with a "high degree of involvement in" the sending of the unsolicited faxes at issue in this case.  (Dkt. No. 1 at ¶10.)  The Complaint does not allege that Pollo sent the faxes or that it authorized Priore to do so.  The Complaint does not allege that Priore was employed by Pollo.  Finally, the Complaint does not allege that Daisy, or its employees, did not have a valid existing business relationship with Pollo.

The balance of Daisy's allegations as to an alleged class has no factual content.  Daisy lists as Defendants, in addition to Pollo and Priore, John Does 1-10, without any statement about who the John Does are or their role in this case.

Even though the allegations only involve late 2010 and early 2011 faxes relating to a 3 mile radius in Cape Coral Florida, Daisy offers broad class allegations without geographic or temporal limitation.  The broad allegations are boilerplate, not even rising to the level of speculation, and instead simply recite statutory language from the TCPA.  Daisy, for example, claims that it is "informed and believes" that "the number of class members is at least forty"

---

[1] The Court may take judicial notice of the addresses and locations of Daisy Autoshop and Pollo's Restaurant. *See US v. Proch*, 637 F.3d 1262, 1266 n.1 (11th Cir. 2011) (taking judicial notice of a map of Fort Walton Beach, Florida, which contained the addresses listed in the indictment); *see also Allstate Ins. Co v. Estate of Robert M. Levesque*, No. 8:08–cv–2253–T–33EAJ, 2010 WL 2978037, at *1 (M.D. Fla. July 19, 2010) (taking judicial notice of several documents on file with the Division of Corporations and citing cases taking judicial notice of a company's articles of incorporation and certified public records).

(Dkt. No. 1 at ¶21), that for "four years" "Defendants" (plural) have "repeatedly" continued to send such faxes. (Dkt. No. 1 at ¶33.) Some of these boilerplate allegations are too unsupported for even Daisy's "information and belief" formula. For example, Daisy alleges that "Defendants may be continuing to send unsolicited advertisements via facsimile transmission…." (Dkt. No. 1 at ¶33) (emphasis supplied).

## I.   Plaintiff's Complaint is Moot, Therefore, The Case Should Be Dismissed.

The doctrine of mootness stems from Article III of the Constitution, which limits the jurisdiction of federal courts to live cases or controversies. *Spencer v. Kemna*, 523 U.S. 1, 7 (1998); *A.M. v. Butler*, 360 F.3d 787, 790 (7th Cir. 2004). The doctrine demands that the parties to a federal case maintain a personal stake in the outcome at all stages of the litigation. *U.S. v. Juvenile Male*, 131 S. Ct. 2860, 2864 (2011); *Spencer*, 523 U.S. at 7. Therefore, "[o]nce the defendant offers to satisfy the plaintiff's entire demand, there is no dispute over which to litigate, and a plaintiff who refuses to acknowledge this loses outright, under Fed. R. Civ. P. 12(b)(1), because he has no remaining stake." *Rand v. Monsanto Co.*, 926 F.2d 596, 598 (7th Cir. 1991) (internal citation omitted); *accord Breneisen v. Motorola, Inc.*, 656 F.3d 701, 706 (7th Cir. 2011).

As the Seventh Circuit stated in *Damasco v. Clearwire Corp.*, 662 F.3d 891 (7th Cir. 2011), once the Defendant offers to satisfy the Plaintiff's entire demand, there is no dispute over which to litigate and there is no case or controversy. 662 F.3d at 895. In a potential class case, if the offer of settlement is made before the Plaintiff has properly moved to certify the class, the satisfaction of the individual claim moots the case and requires dismissal of the Complaint including class allegations. *Id.* at 897. Florida courts have followed *Damasco*. *See*, e.g., *Krzykwa v. Phusion Projects, LLC*, 920 F. Supp. 2d 1279 (S.D. Fla. 2012) (following *Damasco*);

*Porter v. Collecto, Inc.*, No. 14-21270-CIV, 2014 WL 2883979 (S.D. Fla.) (offer of judgment to class plaintiff moots entire claim).

The TCPA provides for fixed damages, a maximum of $500 per allegedly improper facsimile. 47 U.S.C. § 227(b)(3)(B). The statute allows a $1,500 per fax fine if the sending of the fax was in willful violation of the Act. 47 U.S.C. § 227(b)(3). Thus, the maximum per fax violation available under the Act is $1,500.00. 47 U.S.C. § 227(b)(3). Daisy alleges three wrongful faxes and thus it can recover a maximum of $4,500.00.

On December 1, 2014 Pollo sent a settlement letter offering to resolve all Daisy's claims for a payment of $15,000. (*See* Ex. A.) The settlement provides a premium over the statutory maximum of $1,500 per fax multiplied by the three (3) faxes alleged to be sent and also includes payment of costs. (*See* Ex. A.) Pollo also sent an offer of judgment in the same amount. (*See* Ex. D.) Both the settlement letter and the offer of judgment additionally agree to Daisy's requested injunctive relief. (*See* Ex. A; Ex. D.) This amount, along with the injunctive relief, represents more than Daisy could ever recover, and prevents Daisy from ever again receiving a facsimile from Pollo. Thus, Daisy's claims have been fully and completely satisfied and no claims or controversy exists.

Plaintiff is well aware of this law relating to Article III mootness and filed a defective motion for class certification in order to prevent this resolution at the time of filing the Complaint. However, for reasons stated in Pollo's response to the Motion for Class Certification, the Motion is of no legal significance and does not act to save the class allegations. (*See* Docket.) Florida courts deny these premature and unsupported motions. *See Minniti v. Eilers*, No. 14-cv-22294, 2014 WL 4923006 (S.D. Fla. Sept. 23, 2014). The Court has no further jurisdiction in this matter as Pollo and Daisy no longer have legal dispute.

II.     **Apart From Issues of Mootness, The Complaint Independently Fails.**

Apart from the fact that the Complaint is moot, the claims are inadequately pled.

A.     **Plaintiff Fails to Allege That Pollo Violated the TCPA.**

The TCPA prohibits specific types of telephone and fax solicitations and allows a recipient of prohibited solicitations to recover damages.  The statute provides:

> (b)(1) It shall be unlawful for any person within the United States, or any person outside the United States if the recipient is within the United States—(C) to use any telephone facsimile machine, computer, or other device to send, to a telephone facsimile machine, an unsolicited advertisement, unless— (i) the unsolicited advertisement is from a sender with an established business relationship with the recipient; (ii) the sender obtained the number of the telephone facsimile machine through— (I) the voluntary communication of such number, within the context of such established business relationship, from the recipient of the unsolicited advertisement, or (II) a directory, advertisement, or site on the Internet to which the recipient voluntarily agreed to make available its facsimile number for public distribution, except that this clause shall not apply in the case of an unsolicited advertisement that is sent based on an established business relationship with the recipient that was in existence before July 9, 2005, if the sender possessed the facsimile machine number of the recipient before July 9, 2005; and (iii) the unsolicited advertisement contains a notice meeting the requirements under paragraph (2)(D), except that the exception under clauses (i) and (ii) shall not apply with respect to an unsolicited advertisement sent to a telephone facsimile machine by a sender to whom a request has been made not to send future unsolicited advertisements to such telephone facsimile machine that complies with the requirements under paragraph (2)(E).

47 U.S.C. § 227(b)(i)(C).  Plaintiff's complaint completely fails to establish any of the elements of a valid claim under the TCPA against Pollo.

The only facts in the entire Complaint are that nearly four years ago three faxes were sent on behalf of one Cape Coral, Florida business, Pollo, to another Cape Coral business.  Plaintiff's Complaint thus completely fails to establish any of the elements of valid claims under the TCPA. The Complaint does not indicate the absence of an existing business relationship, nor does it set

forth facts that support a defective disclaimer.[2]  Because Plaintiff fails to allege any facts to support a claim under the TCPA, the Complaint should be dismissed.

**B.**    **The Class Allegations Simply Recite The Statute And Thus Violate Federal Rule of Civil Procedure 8.**

Under Rule 8(a)(2) a pleading that states a claim for relief must contain "a short and plain statement of claim showing the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  The class allegations are without any foundation.  While Daisy claims that it is "informed and believes" that multiple faxes were sent to entities other than Daisy, it does not allege how it came by this belief, or who informed it.  Nor does the Complaint say how many faxes, to what locations, and with what content.  Instead, the allegations merely cover the entire statute of limitations, with an unlimited number of potential faxes, and unbounded geography, in essence simply place holding the entire statutory period for later.  Notice pleading is not a code word for guess work.  Daisy does not even pretend that it has any information regarding this purported class.  Pursuant to *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), "labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." 550 U.S. at 557.  This Court need not accept legal conclusions as true.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  Thus, formulaic allegations that Pollo violated the TCPA or that a class exists will not and should not prevent dismissal.

In that way, this case is similar to other cases in Florida federal court that have been dismissed for including pure recitation of statutory language.  In those cases, the Court dismissed the Complaint:  *Ceant v. Aventura Limousine & Transp. Serv., Inc.*, 874 F. Supp. 2d 1373 (S.D. Fla. 2012) (finding mere recitation of statutory language insufficient in Fair Labor Standards case); *316, Inc. v. Maryland Cas. Co.*, 625 F. Supp. 2d 1179 (N.D. Fla. 2008) (allegations of

---

[2] Defendant Pollo is not seeking a ruling on the validity of the disclaimer at this time.  Before it is obligated to do so, Daisy must first identify the alleged deficiencies.

wrongful business practices in general terms on information and belief without connection to factual allegations are "impermissibly speculative" rather than plausible and thus violate Rule 8).

Additionally, allegations on "information and belief" are not a get out of jail free card for poor pleadings. Instead, if a party pleads on information and belief, it states that it is informed and believes something based on known facts. As stated in *Lane v. Mortg. Elec. Registration Sys., Inc.*, No. 8:13-cv-1271-T-30AEP, 2014 WL 129071 (M.D. Fla. Jan. 14, 2014), pleading on information and belief requires factual information that makes the "inference of culpability plausible." 2014 WL 129071, at *3. It is true that several cases in this Circuit have permitted TCPA cases to move forward on allegations of information and belief, but in those cases, the defendant was objecting to the fact that "evidence" was not being alleged. For example, in *Buslepp v. Improv Miami, Inc.*, No. 12–60171–CIV, 2012 WL 1560408 (S.D. Fla. May 4, 2012) the defendant objected to the pleading because it did not include the specific telephone numbers. 2012 WL 1560408, at *1. Here, by contrast, the Plaintiff is proceeding under mere labels and legal conclusions. In *Buslepp*, the plaintiff alleged specific dates and contents of the text messages at issue, and also alleged that numerous other persons received the same text messages received by the plaintiff to their respective cell phones. *Id.* Here, the Plaintiff makes no such specific allegations. Instead Plaintiff's allegations simply recite the statute and violate Federal Rule of Civil Procedure 8.

Plaintiff's Complaint is devoid of any information that would support an inference of years of unauthorized faxes sent by any defendant, let alone Pollo. Not only does the Complaint lack factual information that would support Pollo's culpability, it does not even include any facts at all.

<u>**CONCLUSION**</u>

This case should be immediately dismissed and Pollo awarded such other and further relief this Court deems appropriate.  To the extent Daisy is actually harmed by four year old coupons, it will receive full compensation.  However, it is not appropriate to burden Pollo and the Court with expensive, time consuming litigation because after those four years, Daisy's counsel wants to speculate as to the possible existence of other class members.  If this truly was more than a $5,000 matter, and involved an urgent need to resolve a widespread harm, other litigants would have come forward since 2010 or Daisy and its counsel would have engaged in pre-filing investigation in the many years since Daisy's alleged injury. Daisy's actions in the years since the coupons arrived confirm that justice is served by dismissal; it has not shown diligence in pursuing its claim.  To the extent the Court believes it is appropriate as part of an order of dismissal, Pollo does not object to entry of judgment in favor of Daisy consistent with the terms of the offer of judgment or the award of such other and further relief the Court deems appropriate.

Dated: December 1, 2014

By:   <u>*s/ Jeffrey J. Mayer*</u>
Jeffrey J. Mayer

Jeffrey J. Mayer, Esq.
jmayer@freeborn.com
Marc H. Kallish, Esq.
mkallish@freeborn.com
Freeborn & Peters LLP
311 South Wacker Drive, Suite 3000
Chicago, IL  60606

And

Mary Leslie Smith
Florida Bar No.  774243
mlsmith@foley.com

9

FOLEY & LARDNER LLP
2 South Biscayne Boulevard
One Biscayne Tower, Suite 1900
Miami, Florida  33131
Tel: 305-482-8400
Fax: 305-482-8600

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing **Motion to Dismiss Case Pursuant to Fed. R. Civ. P. 12 (b)(1) or, in the Alternative, Dismiss with Prejudice Pursuant to Fed. R. Civ. P. 12(b)(6) and Incorporated Memorandum of Law** with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

**Roy W. Foxall**
Law Office of Roy W. Foxall, PA
2429 First St
Ft Myers, FL 33901
239/461-0065
Fax: 239/461-0015
Email: roy.foxall@comcast.net

**Brian J. Wanca**
Anderson & Wanca
Suite 760
3701 Algonquin Rd
Rolling Meadows, IL 60008
847/368-1500
Fax: 847/368-1501
Email: bwanca@andersonwanca.com

**Ryan M. Kelly**
Anderson & Wanca
Suite 760
3701 Algonquin Rd
Rolling Meadows, IL 60008
847/436-0598
Fax: 847/368-1501
Email: rkelly@andersonwanca.com

By:   *s/ Jeffrey J. Mayer*

## CERTIFICATE OF SERVICE

I hereby certify that I caused a true and correct copy of the foregoing **Motion to Dismiss Case Pursuant to Fed. R. Civ. P. 12 (b)(1) or, in the Alternative, Dismiss with Prejudice Pursuant to Fed. R. Civ. P. 12(b)(6) and Incorporated Memorandum of Law** to be served upon Mr. Ed Priore (Pro Se) on December 1, 2014 via U.S. Mail at the following address:

Edward Priore
1541 N.W. 180th Way
Pembroke Pines, FL 33029
Smartshopper14@yahoo.com

By:    _s/ Jeffrey J. Mayer_ _____

3238092v17/17505-0122

# Exhibit A



FREEBORN & PETERS LLP

JEFFREY J. MAYER
Partner

**Freeborn & Peters LLP**
*Attorneys at Law*
311 South Wacker Drive
Suite 3000
Chicago, IL 60606

(312) 360-6474 direct
(312) 360-6520 fax

jmayer@freeborn.com

**www.freeborn.com**

December 1, 2014

<u>**Via Email and U.S. Mail**</u>                                    <u>**For Settlement Purposes Only**</u>

Ryan M. Kelly
Anderson & Wanca
3701 Algonquin Road
Suite 760
Rolling Meadows, IL 60008

Re:    *Daisy, Inc. v. Pollo Operations, Inc. et al.* -- No. 14 CV 00564 (Middle District of FL)

Dear Mr. Kelly:

This correspondence is for settlement purposes only.  We have been retained to represent Pollo
Operations, Inc. ("Pollo" or "Defendant") in the above-captioned lawsuit (the "Lawsuit").  In
making this settlement offer, Defendant does not admit any liability to Plaintiff and makes this offer
solely to avoid the expense and inconvenience of litigation.

Pollo, on behalf of itself and its subsidiaries and affiliated entities, hereby makes the following
settlement offer to Daisy, Inc. ("Plaintiff") to resolve all claims which Plaintiff has or had against
Defendant arising from or related to any facsimile message ("fax") sent by or on behalf of Defendant
to Plaintiff during the period December 29, 2010 and January 9, 2011 and to the present (the "Claim
Period"), which Plaintiff did not authorize Defendant or its agents to send.

Defendant hereby agrees to enter a judgment in Plaintiff's favor and against Defendant in the
amount of $15,000.00.  An executed judgment is attached hereto and may be filed by Plaintiff at any
time if it accepts this settlement.  In addition, Defendant agrees to pay Plaintiff any costs which it
would recover were it to prevail in the Lawsuit, including the cost of the filing fee and any service
fees which would be taxable as costs.

The Complaint alleges three faxes: one on December 25, 2010, one on December 29, 2010, and one
on January 9, 2011.  The $15,000.00 is in excess of available damages.  Also, please provide me in
writing with an itemized statement of recoverable costs so that I may arrange for payment of costs as
well.

The judgment in full satisfaction of all of Plaintiff's claims will also include the injunctive relief
sought by Plaintiff in the Complaint, namely to cease violating the TCPA and JFPA which Plaintiff



**Freeborn**

FREEBORN & PETERS LLP

Ryan M. Kelly
December 1, 2014
Page 2

has defined to mean to cease transmission of fax advertisements to individuals or businesses who have not granted them permission to send fax advertisements to them.

In addition, Defendant hereby extends a separate offer (with the exception of taxable costs which would not be incurred by someone who had not filed suit) of $2,000.00 per fax to any other person or entity actually represented by Anderson & Wanca as of the date of this offer, who also received a fax sent by or on behalf of Defendant during the Claim Period and who did not consent to receive the fax or authorize Defendant to send the fax to them. The aforementioned offer to persons or entities other than Plaintiff is limited to a total of five persons.

The offers extended in this letter are intended to fully satisfy the individual claims of Plaintiff made in the Lawsuit or which could have been made in the Lawsuit, and to satisfy any similar claims of any other person to whom this offer is extended.

Please advise me whether the Plaintiff, or any other eligible person or entity accepts the offer extended in this letter so that I may arrange for payment.

For purposes of settlement only, I believe an individual settlement is appropriate here as discovery would reveal that any fax messages which may have been sent were sent to recipients in which Defendant had an existing business relationship and contained the required opt-out language on the face of the faxes, and therefore the claims of the Plaintiff are not actionable under the TCPA. Rather than litigate this issue to resolve this matter now, Defendant is making this settlement offer to avoid the expense and inconvenience of litigation.

You may accept this offer by signing and filing the attached judgment. If you prefer, you can accept the offer in any other reasonable manner.

Very truly yours,

Jeffrey J. Mayer

JJM/pcb

cc:   Edward Priore
3240949v1/17505-0122

## IN THE UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA

DAISY, INC., a Florida corporation,                )
individually and as the representative of a        )
class of similarly-situated persons,               )
                                                   )
                             Plaintiff,        )        Civil Action No. 14 CV 00564
                                                   )
v.                                                 )
                                                   )
POLLO OPERATIONS, INC., EDWARD                     )
PRIORE and JOHN DOES 1-10,                         )
                                                   )
                          Defendants.        )

### AGREED ORDER OF JUDGMENT

This matter coming before the Court, due notice having been given, the parties being in agreement and the court having jurisdiction:

IT IS HEREBY ORDERED:

That final judgment is entered in favor of the Plaintiff Daisy Inc., in the amount of **$15,000** and against Defendant Pollo Operations, Inc.

It is further ordered that Pollo Operations Inc. is hereby enjoined from violating the TCPA and JFPA which Plaintiff has defined to mean to cease transmission of fax advertisements to individuals or businesses who have not granted them permission to send fax advertisements to them.

Pollo Operations Inc. shall pay all recoverable costs incurred by Daisy related to this matter.

The Court finds there is no just reason to delay enforcement or appeal of this matter.

                      ENTERED:


                      Judge Sheri Polster Chappell
                      United States District Court

                      Dated:_____

Agreed To:

Attorney For Defendant:                    Attorney For Plaintiff:

_____                    _____
Jeffrey J. Mayer                           Ryan M. Kelly

# Exhibit B

Detail by Entity Name                                                          Page 1 of 2



**FLORIDA DEPARTMENT OF STATE**
**DIVISION OF CORPORATIONS**

# Detail by Entity Name

<u>Florida Profit Corporation</u>

DAISY, INC.

<u>Filing Information</u>

| | |
|---|---|
| **Document Number** | P96000076356 |
| **FEI/EIN Number** | 593400806 |
| **Date Filed** | 09/12/1996 |
| **State** | FL |
| **Status** | ACTIVE |

<u>Principal Address</u>

1335 DEL PRADO BLVD S
CAPE CORAL, FL 33990

Changed: 02/18/2010

<u>Mailing Address</u>

1335 DEL PRADO BLVD S
CAPE CORAL, FL 33990

Changed: 02/18/2010

<u>Registered Agent Name & Address</u>

HOLMES, MARK A
623 SE 19TH ST
CAPE CORAL, FL 33990

Name Changed: 01/25/2013

Address Changed: 01/07/2012

<u>Officer/Director Detail</u>

**Name & Address**

Title MR.

HOLMES, MARK A
623 SE 19TH ST
CAPE CORAL, FL 33990

Title MRS.

HOLMES, PATRICIA L

Detail by Entity Name

Page 2 of 2

623 SE 19TH ST
CAPE CORAL, FL 33990

## Annual Reports

| Report Year | Filed Date |
|---|---|
| 2012 | 01/07/2012 |
| 2013 | 01/25/2013 |
| 2014 | 01/10/2014 |

## Document Images

| | |
|---|---|
| 01/10/2014 -- ANNUAL REPORT | View image in PDF format |
| 01/25/2013 -- ANNUAL REPORT | View image in PDF format |
| 01/07/2012 -- ANNUAL REPORT | View image in PDF format |
| 01/05/2011 -- ANNUAL REPORT | View image in PDF format |
| 02/18/2010 -- ANNUAL REPORT | View image in PDF format |
| 03/23/2009 -- ANNUAL REPORT | View image in PDF format |
| 01/12/2008 -- ANNUAL REPORT | View image in PDF format |
| 01/12/2007 -- ANNUAL REPORT | View image in PDF format |
| 01/05/2006 -- ANNUAL REPORT | View image in PDF format |
| 01/11/2005 -- ANNUAL REPORT | View image in PDF format |
| 01/06/2004 -- ANNUAL REPORT | View image in PDF format |
| 02/12/2003 -- ANNUAL REPORT | View image in PDF format |
| 04/26/2001 -- ANNUAL REPORT | View image in PDF format |
| 08/24/2000 -- ANNUAL REPORT | View image in PDF format |
| 04/23/1999 -- ANNUAL REPORT | View image in PDF format |
| 03/31/1998 -- ANNUAL REPORT | View image in PDF format |
| 03/03/1997 -- ANNUAL REPORT | View image in PDF format |
| 09/12/1996 -- DOCUMENTS PRIOR TO 1997 | View image in PDF format |

Copyright © and Privacy Policies
State of Florida, Department of State

# Exhibit C



# Exhibit D

## IN THE UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA

DAISY, INC., a Florida corporation,    )
individually and as the representative of a  )
class of similarly-situated persons,    )
    )
        Plaintiff,    )    Civil Action No. 14 CV 00564
    )
v.    )
    )
POLLO OPERATIONS, INC., EDWARD  )
PRIORE and JOHN DOES 1-10,    )
    )
        Defendants.    )

### OFFER OF JUDGMENT AGAINST POLLO OPERATIONS, INC.

Pursuant to Federal Rule of Civil Procedure 68 ("Rule 68"), Defendant Pollo Operations, Inc. ("Pollo"), hereby offers to allow judgment to be taken against it by Plaintiff Daisy, Inc. ("Daisy"), in the amount of Fifteen Thousand Dollars $15,000.00, which shall represent and include all damages and all pre-offer costs accrued to date as permitted by Federal Rule of Civil Procedure 54(d)(1). Daisy shall not recover any attorneys' fees or costs separate from this offer.

Additionally, Pollo agrees to injunctive relief entered against it to include the injunctive relief sought by Plaintiff in the Complaint, namely to cease violating the TCPA and JFPA which Plaintiff has defined to mean to cease transmission of fax advertisements to individuals or businesses who have not granted them permission to send fax advertisements to them.

Pollo makes this offer more than ten days before this case is set for trial, and this offer is unconditional. This offer is made for the purpose of Rule 68 only. Neither this offer nor any judgment that may result from it may be construed as either an admission or acknowledgment of liability on the part of Pollo or as an admission or acknowledgment that Daisy has suffered any

damage.  This offer will be deemed withdrawn unless Daisy serves a written notice of acceptance of the offer within ten (10) days of the date that it was served upon it.

Respectfully submitted,

POLLO OPERATIONS, INC.

By: _____
One of its attorneys

Jeffrey J. Mayer
jmayer@freeborn.com
Marc H. Kallish
mkallish@freeborn.com
Freeborn & Peters, LLP
311 S. Wacker Drive, Suite 3000
Chicago, IL 60606
(312) 360-6000

*Counsel for Defendant Pollo Operations, Inc.*

Dated:  December  1, 2014

## CERTIFICATE OF SERVICE

The undersigned, an attorney, hereby certifies that he caused a true and correct copy of the foregoing document to be served upon counsel of record and Mr. Ed Priore (Pro Se) December 1, 2014, by depositing the above Offer Of Judgment in the U.S. mail and by sending the Offer of Judgment by  electronic mail to:

Ryan M. Kelly
Anderson & Wanca
3701 Algonquin Road
Suite 760
Rolling Meadows, IL 60008
rkelly@andersonwanca.com


Edward Priore
1541 N.W. 180th Way
Pembroke Pines, Fl 33029
smartshopper14@yahoo.com

3200881v2/99120-0044

3 -