UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

DAISY, INC., a Florida corporation,
Individually and as the representative
Of a class of similarly situated persons,

      Plaintiff,                          CASE NO.: 2:14-cv-564-FtM-38CM

v.

POLLO OPERATIONS, INC., EDWARD
PRIORE and JOHN DOES 1-10,

      Defendants.
_____/

**MOTION FOR PROTECTIVE ORDER AND
INCORPORATED MEMORANDUM OF LAW IN SUPPORT**

Defendant, Pollo Operations, Inc. ("Pollo"), by and through its attorneys, and pursuant to Federal Rule of Civil Procedure 26(c), hereby moves this Court for the entry of a protective order.  In support of this Motion, Pollo states as follows:

**INTRODUCTION**

Just three days after Pollo filed its reply in support of its motion to dismiss, asserting that Daisy should not be allowed to engage in a discovery fishing expedition because its case is moot and no class exists, Daisy served 57 document requests, 23 interrogatories, and 16 requests to admit on Pollo.  Ten days later, Daisy sought deposition dates for two of Pollo's witnesses, and subsequently noticed their depositions.  Even as it sent these requests, Daisy conceded that, at best, it had information relating to a limited four-week period and could not identify any class members.  This discovery is unwarranted – certainly at this time, because of the fact that Daisy's case is moot.  Even if the Court does not believe that to be the case, the discovery is at best premature and overbroad in light of Daisy's offer to supplement and replead the allegations of its

Complaint.   The discovery constitutes an overly broad and unduly burdensome fishing expedition where Daisy seeks discovery for a period of four or five years on subjects unrelated to this dispute and mentioned nowhere in its Complaint.   Any discovery should be tied to those new limited allegations.   For any or all of these reasons, Pollo should not be required to respond to this discovery.   Indeed, Plaintiff's counsel has a documented practice of using court-ordered discovery in one case to develop information for the purpose of filing literally hundreds of other TCPA cases.   And, to the best of its knowledge, Pollo has already turned over all documents in its possession relevant to this case.   As such, the Court should, at a minimum, confine discovery to this case alone.

Through this Motion, Pollo seeks entry of the following orders:   (1) no discovery shall take place in the case until after the Court rules on the issue of mootness, as addressed in Pollo's Motion to Dismiss; and, in the event the Court finds the case not to be moot, (2) Daisy must replead the allegations of its Complaint, as it offered to do in response to Pollo's Motion to Dismiss, with discovery limited to the repled allegations; (3) the scope of any depositions taken must relate to the allegations of the Amended Complaint; and (4) in no event shall discovery in this case be directed at information to be used solely for the purpose of assisting Anderson + Wanca in filing new, additional lawsuits.

## RELEVANT BACKGROUND

As the Court knows, on September 29, 2014 Daisy brought a Telephone Consumer Protection Act ("TCPA") case against Pollo, Edward Priore, and unidentified John Does 1-10. (Dkt. No. 1, "Complaint").   Under the most generous reading of the Complaint, it identifies Daisy as having received three faxes from "Defendants" (plural but unidentified), in late 2010 and early 2011.   The faxes are coupons allegedly from the nearby Cape Coral Pollo Tropical

restaurant and not from any other location.  While the Complaint contains multiple references to a "class", other "persons", and other "faxes", it contains no facts in support of any claim.  As public records make clear, this is an intensely local dispute.  Daisy and the Cape Coral Pollo Store are less than three miles apart.

Shortly after Daisy filed the Complaint, it filed a Motion for Class Certification.  The Motion piggybacked on the Complaint, and added speculation and innuendo not found in the Complaint.  For example, the Motion asserts that "Defendants engaged in a standardized course of conduct that affects all class members by faxing form advertisements to persons on a list generated by Defendants and/or a third party…"  (Dkt. No. 5 at p. 2).  However, the Complaint contains no allegation regarding alleged "standardized" conduct.  The Motion also refers to "Defendants' fax campaign."  (*Id*. at p. 3).  The Complaint contains no reference to a "fax campaign", though, or any information that would allow an inference of a fax campaign.  Instead, the Complaint makes clear that Daisy is unaware of the actions taken by any of the Defendants regarding the three faxes.  Daisy, knowing its Motion was deficient, instead of actually seeking class certification, asked for discovery and a status conference. (*Id*. at p. 4).  That motion remains pending with the Court.

On December 1, 2014, Pollo unconditionally offered to pay Daisy $15,000 and agreed to the injunctive relief sought in the Complaint, providing Daisy with complete relief.  Pollo subsequently tendered a $15,000 check to Daisy on January 2, 2015.  Pollo filed a Motion to Dismiss the Complaint, arguing that based on the offer of complete relief the case was moot, and that even if the Court determined it was not: (1) the allegations of the Complaint were deficient; (2) Daisy had not alleged a class because it knows no class exists; and (3) four years after receiving three faxes, Daisy should not be entitled to engage in a discovery fishing expedition in

an attempt to allege a class after-the-fact.  In response, Daisy offered to amend its Complaint but did not demonstrate any additional harm.  Three days after Pollo filed its reply, Daisy served it with the requests to admit, interrogatories and discovery requests at issue in this Motion.  (*See* Group Ex. A).  These discovery requests seek information for a period of four or five *years*, despite only alleging fax transmissions over a period of four *weeks*, and seek information relating to text messages, allegations of which fail to appear anywhere in the Complaint.  Ten days later, Daisy sought deposition dates for two of Pollo's witnesses, and subsequently noticed their depositions.  (*See* Ex. B, 2/19/15 E-mail from R. Kelly to C. Miller; Ex. C, Notices of Deposition).  The requests appear to reflect a continuing improper pattern.

The Court has not ruled on Pollo's Motion to Dismiss or received a re-pled complaint.

STANDARD

This Court enjoys wide discretion concerning discovery matters.  Federal Rule of Civil Procedure 26(c) provides that "[a] party or any person from whom discovery is sought may move from a protective order in the court where the action is pending. . . The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense. . . ."  Fed.R.Civ.P. 26(c).  "Rule 26 vests the trial judge with broad discretion to tailor discovery narrowly and to dictate the sequence of discovery."  *Crawford-El v. Britton*, 523 U.S. 574, 599 (1998).

ARGUMENT

**I.     Plaintiff's Case is Moot; No Case or Controversy Exists Upon Which Discovery May be Sought.**

As detailed in its Motion to Dismiss, Daisy has been offered complete relief from Pollo, which Pollo asserts moots the entire case.  This does away with any need for discovery.  Moreover, after four years, if Daisy has not been able to identify even a single other individual to

4

be a member of its "class", then it should not be permitted after-the-fact discovery in order to try and salvage what is now a non-existent case.  *See* Fed.R.Civ.P. 26(b)(1).

Nor should Daisy be permitted after-the-fact discovery in order to try and inflate its own claim.  In order to avoid dismissal, Daisy has claimed that after four years, it is somehow unaware of how many faxes it received, even though it admits in its Complaint that it is only aware of three.  Despite its professed lack of knowledge, Daisy knows that is simply not the case. Until January 29, 2015, Daisy kept from both the Court and Pollo that on December 8, 2014, it authorized Comcast to release its telephone records to it, which would have disclosed any incoming faxes it received.  While Daisy claims not to have received this information yet, it is forthcoming, and could have and should have been obtained years ago.  (*See* Ex. B).

Pollo also recently learned that Daisy has had in its possession for over two years, since July 2012, Priore's alleged outgoing call records, which would disclose any faxes delivered to Daisy.  (*See* Ex. D, 2/19/15 E-mail from R. Kelly to C. Miller).  This information was only produced to Pollo in mid-February 2015 after Pollo specifically requested it from Daisy, noting that the information should have been produced in Daisy's Rule 26 disclosures.  (Ex. B).  Daisy, however, did not disclose this information in either its initial Rule 26 disclosures or in response to Pollo's Motion to Dismiss, and the only reasonable inference to be drawn is that it did not do so because it already knew those records failed to disclose the transmission of more than a maximum of four faxes to it.  Indeed, a search of the fax numbers Daisy now identifies as relevant in its Amended Rule 26 Disclosures fails to identify a single fax that was sent to Daisy. (*See* Ex. E, Plaintiff's First Amended Rule 26(a)(1) Initial Disclosures).  Daisy should not now be permitted discovery into how many faxes it received.

In *Zeidman v. J. Ray McDermott & Co., Inc.*, 651 F. 2d 1030, 1045 (5th Cir. 1981), after determining that plaintiffs' case was moot, the court refused to permit plaintiffs to argue the merits of the case, and held that, at most, they could argue the class certification question, which was pending.  The result should be no different here.

This is especially the case where Daisy's attorneys, Anderson + Wanca, appear to merely be using Daisy as a pawn to pursue Anderson + Wanca's lawsuit, a tactic which the firm has previously employed in order to try and advance its cases.  *See C-Mart, Inc. v. Metro. Life Ins. Co.*, No. 13-80561, Dkt. No. 300 (attached as Ex. F); *Avio, Inc. v. Alfoccino, Inc.*, No. 2:10-cv-10221, 2014 WL 1870108 (E.D. Mich. May 9, 2014).  In *Avio*, the plaintiff had no knowledge of ever receiving any faxes, and the court held it suffered no injury.  Here, Daisy has knowledge of receiving only three faxes, and has been offered complete relief.  It bear noting that Daisy has no knowledge of receiving any additional faxes even though it has in its possession its own Comcast records, which would show any incoming faxes, as well as the Comcast records of Priore, who is alleged to have sent the faxes.  Daisy's case is moot, and it is therefore not entitled to any discovery.

## II.      Daisy is Not Entitled to Discovery Unrelated to the Allegations of Its Complaint.

Even if the Court determines that Daisy's case is not moot, that does not make Daisy any more entitled to the discovery which it currently seeks from Pollo.  That is because Daisy is not entitled under any set of circumstances to take extensive discovery on issues completely unrelated to the allegations of its Complaint.  This is especially so here where Daisy's counsel has a proven track record of seeking out unrelated and unnecessary discovery in a case only to use it to file new lawsuits against new defendants.  And that it precisely what Daisy seeks to do in the discovery recently served on Pollo.  Among other things, Daisy seeks discovery for a

period of four or five years, even though the allegations of the Complaint support discovery for maybe a period of six weeks. Nor should Daisy be permitted to seek discovery from Pollo for a period of four to five years, when the allegations of the Complaint indicate that Daisy received a total of three faxes over a period of four weeks.[1] Such widespread discovery in this case would only serve to permit Daisy's attorneys, Anderson + Wanca, to continue to engage in their well-documented practice of using the Court's discovery powers as a vehicle to obtain as much information as possible – not to prepare for trial in the case before it – but rather to use the information to file literally hundreds of new lawsuits across the country. *See Avio, Inc. v. Alfoccino, Inc.*, 18 F. Supp. 3d 882, 885 (E.D. Mich. 2014) (after being instructed by defense counsel to keep records confidential, Anderson + Wanca used information to file over one hundred TCPA actions); *Creative Montessori Learning Centers v. Ashford Gear LLC*, 662 F.3d 913, 916-17 (after promising fax broadcaster not to reveal any information disclosed by her to third parties, Anderson + Wanca used information to file at least 50 similar suits); *Reliable Money Order, Inc. v. McKnight Sales Co., Inc.*, 704 F.3d 489, 491-92 (7th Cir. 2013) (noting after obtaining proof of class, Anderson + Wanca continued pushing for discovery, recognizing a "potential treasure trove of potential clients", and ultimately filing "scores of putative class

---

[1] Pollo is not suggesting the only questions that may be asked, or discovery that may be submitted, must originate in the time period framed by the alleged four-week fax campaign. Any set of facts, even one that involves an incident on a particular day, may require discovery in time periods before and after. In this case, for example, it may be the case that the faxes within the area code on the material produced to Pollo by Daisy's counsel relates to other fax campaigns for other companies, and that may require inquiry. Similarly, it is not Pollo's position that deposition questions only involve a four-week time period. However, the questions asked must have a nexus to actual allegations in the Complaint, and it is for that reason that Pollo objects to a scope that is entirely unrelated to the actual allegations and merely reflects a pattern of using discovery to develop information for other court cases.

actions"); *Machesney v. Lar-Bev of Howell, Inc.*, 292 F.R.D. 412, 416 (E.D. Mich. 2013) (same); *APB Assocs., Inc. v. Bronco's Saloon, Inc.* 297 F.R.D. 302, 305-06 (E.D. Mich. 2013) (same).

Daisy also seeks discovery regarding purported text messages, even though there is no allegation that Daisy ever received a text message from anyone – let alone Pollo – and text messages are not referenced even once in Daisy's Complaint.

Discovery should be tailored to the issues involved in the case. *Washington v. Brown & Williamson Tobacco Corp.*, 959 F.2d 1566, 1570 (11th Cir. 1992). Moreover, the discovery rules do not permit fishing expeditions. *Porter v. Ray*, 461 F.3d 1315, 1324 (11th Cir. 2006). In *Hancock Bank v. Hill Street, L.L.C.*, in denying a request to compel the production of certain information, the court refused to permit defendant "to go on a fishing expedition to see if it can locate some evidence potentially allowing it to raise a presently non-existent defense." Case No. 3:13-cv-71-J-25MCR (M.D. Fl. 10/22/13) (attached as Ex. G). Similarly, and acknowledging this is only persuasive authority before this Court, in quashing a discovery order seeking information the trial court had acknowledged was irrelevant, the court in *State Farm Mutual Auto. Ins. Co. v. Parrish*, 800 So. 2d 706 (5th Dist. 2001), held that the trial court committed an error of law in impermissibly expanding the parameters of the rules of civil procedure in allowing a fishing expedition into information which "might give rise to a potential cause of action." The appellate court found that having to defend against the action before the court, while also having to defend against a potential, unstated cause of action was sufficiently prejudicial to warrant certiorari. *Id.*

In seeking information related to text messages, though, Daisy is also seeking to have Pollo defend against a potential, non-existent cause of action, which is improper. In Request Nos. 56 and 57, and in Interrogatories Nos. 22 and 23, Daisy seeks information regarding alleged

text messages.  (Group Ex. A).  There is not a single reference to a text message, let alone Daisy's purported receipt of any text message, in Daisy's Complaint, and these requests and interrogatories should be quashed, and Daisy should not be permitted to question witnesses about this subject.

The Eleventh Circuit has noted that courts assume the sole purpose of discovery is to assist with trial preparation.  *U.S. v. Anderson*, 799 F.2d 1438, 1441 (11th Cir. 1986).  Anderson + Wanca, however, do not share that view, and the Court should certainly take that into consideration in limiting the scope of discovery in this case.

Indeed, Daisy's own subpoena to Comcast only seeks records for a the period of "December 23, 2010 through January 12, 2011" and its December 8, 2014 Authorization to Release Telephone Records directed to Comcast only sought records for "December, 2010 and January, 2011."  (*See* Ex. H).  By Daisy's own admission, this case is limited at best to a period of a few weeks, and to the extent Daisy's discovery seeks information for a period of four or five years, the discovery should be quashed.

Finally, Daisy seeks to depose two of Pollo's witnesses at this time, likely for the same improper purposes detailed above.   Here again, Daisy should not be permitted to seek information from these witnesses for a period of four or five years when the allegations of the Complaint, at best, support questions covering the span of a couple months.  This is especially so considering Anderson + Wanca's history of taking needless and unnecessary discovery in one case only so that they can seek to personally benefit from the information by filing additional lawsuits against new defendants.  Nor should Daisy be permitted to ask questions regarding subjects such as text messages, when no such allegations appear anywhere in the Complaint. Given Anderson + Wanca's history, limitations on discovery are not only warranted, but also

necessary in this case, and any depositions should be appropriately limited to the relevant time period and subjects.

**CONCLUSION**

For any number of reasons, detailed above, Pollo should not be required to respond to Daisy's discovery requests. At a minimum, no discovery should move forward until after Daisy has amended its Complaint. As such, Pollo's Motion should be granted and discovery should be stayed pending the filing of an amended complaint.

WHEREFORE, Defendant, Pollo Operations, Inc., respectfully requests that this Court order that (1) no discovery shall take place in the case until after the Court rules on the issue of mootness; and, in the event the Court finds the case not to be moot, (2) Daisy must replead the allegations of its Complaint, with discovery limited to the repled allegations; (3) the scope of any depositions taken must relate to the allegations of the Amended Complaint; and (4) in no event shall discovery in this case be directed at information to be used solely for the purpose of assisting Anderson + Wanca in filing new, additional lawsuits.

## CERTIFICATION OF COMPLIANCE WITH LOCAL RULE 3.01(g)

I, Catherine A. Miller, an attorney, hereby certify that on February 26, 2015, I conferred with counsel for the Defendant, Brian Wanca, Esq., in a good faith effort to resolve the issues raised by this motion, but the parties have been unable to do so.

Dated: February 27, 2015

By:     *s/ Catherine A. Miller*
        Catherine A. Miller

Jeffrey J. Mayer, Esq.
jmayer@freeborn.com
Catherine A. Miller, Esq.
cmiller@freeborn.com
Freeborn & Peters LLP
311 South Wacker Drive, Suite 3000
Chicago, IL  60606

and

Mary Leslie Smith
Florida Bar No.  774243
mlsmith@foley.com
FOLEY & LARDNER  LLP
2 South Biscayne Boulevard
One Biscayne Tower, Suite 1900
Miami, Florida  33131
Tel: 305-482-8400
Fax: 305-482-8600

11

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing **Motion and Incorporated Memorandum of Law** with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

**Roy W. Foxall**
Law Office of Roy W. Foxall, PA
2429 First St
Ft Myers, FL 33901
239/461-0065
Fax: 239/461-0015
E-mail: roy.foxall@comcast.net

**Brian J. Wanca**
Anderson & Wanca
Suite 760
3701 Algonquin Rd
Rolling Meadows, IL 60008
847/368-1500
Fax: 847/368-1501
E-mail: bwanca@andersonwanca.com

**Ryan M. Kelly**
Anderson & Wanca
Suite 760
3701 Algonquin Rd
Rolling Meadows, IL 60008
847/436-0598
Fax: 847/368-1501
E-mail: rkelly@andersonwanca.com

_s/Mary Leslie Smith_
Mary Leslie Smith

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that I caused a true and correct copy of the foregoing **Motion and Incorporated Memorandum of Law** to be served upon Mr. Ed Priore (Pro Se) on February 27, 2015 via U.S. Mail at the following address:

Edward Priore
1541 N.W. 180th Way
Pembroke Pines, FL 33029
<u>Smartshopper15@yahoo.com</u>

By:    *s/ Catherine A. Miller*

3298943v5/17505-0122

13