UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

DAISY, INC., a Florida corporation,
individually and as the representative of
a class of similarly situated persons

        Plaintiff,

v.                                Case No:  2:14-cv-564-FtM-38CM

POLLO OPERATIONS, INC.,
EDWARD PRIORE and JOHN DOES
1-10,

        Defendants.
_____/

## ORDER[1]

This matter comes before the Court on the Defendant, Pollo Operations, Inc.'s Motion to Dismiss Case Pursuant to Fed. R. Civ. P. 12(b)(1) or in the Alternative to Dismiss with Prejudice Pursuant to Fed. R. Civ. P. 12(b)(6) (Doc. #22) filed on December 1, 2014.  Pollo filed a Supplement to the Motion to Dismiss (Doc. # 29) on January 5, 2015.  The Plaintiff, Daisy, Inc. filed its Response in Opposition (Doc. #36) on January 19, 2015.  The Motion is fully briefed and ripe for the Court's review.

## FACTS

The Plaintiff brought this action pursuant to the Federal Telephone Consumer Protection Act of 1991, as amended by the Junk Fax Prevention Act of 2005 (TCPA).  The

---

[1] Disclaimer:  Documents filed in CM/ECF may contain hyperlinks to other documents or Web sites.  These hyperlinks are provided only for users' convenience.  Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees.  By allowing hyperlinks to other Web sites, this court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites.  Likewise, the court has no agreements with any of these third parties or their Web sites.  The court accepts no responsibility for the availability or functionality of any hyperlink.  Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.

Plaintiff alleges that on or about December 25, 2010, December 29, 2010, and January 9, 2011, the Defendant Pollo transmitted by fax machine at least three (3) facsimiles to the Plaintiff. (Doc. #1).  The faxes sent by Pollo to Daisy consisted of advertisements related to Pollo's restaurants d/b/a Pollo Tropical.  Daisy states that it had not given Pollo permission nor consented to Pollo faxing advertisements to its fax machine. (Doc. #1, ¶16).  Daisy further asserts that Pollo faxed the above listed faxes as well as others to their fax machine without displaying a proper opt-out notice as required by 47 C.F.R. § 64.1200.

Daisy subsequently brought the instant action in this Court.  After the case was filed, Pollo made an offer of judgment to Daisy.  Pollo offered $15,000.00 and agreed to injunctive relief that would stop all faxes from Pollo to Daisy.  Pollo now moves to dismiss the case.

## DISCUSSION

Daisy alleges that Pollo violated the TCPA by sending at least three (3) or more unsolicited faxes in late 2010 and early 2011 to its fax telephone number.  The TCPA prohibits the use of a fax machine to send unsolicited advertisements. Neurocare Institute of Central Florida, P.A., v. Healthtap, Inc., 8 F.Supp.3d 1362, 1367 (M.D. Fla. 2014) (citing 47 U.S.C. § 227(b)(1)(C)). Pollo does not dispute that it sent the faxes in this case, however, it argues that the case should be dismissed pursuant to Fed. R. Civ. P. 12(b)(1), because the Court lacks jurisdiction and therefore, the Complaint is moot.  Pollo further argues the case should be dismissed under Fed. R. Civ. P. 12(b)(6) because the Complaint  fails to state a claim.  And finally, Pollo asserts the Complaint's class action claim does not meet the requirements of Fed. R. Civ. P. 8.  Daisy responds that it is too

early in the case to determine if the case is moot, and the claims satisfy the pleading requirements of the Federal Rules.

### (1) *Whether the Court Lacks Jurisdiction Because the Claim is Moot*

Pollo claims the case is now moot for both the individual and class action claims because it made an offer of judgment that gave Daisy full recovery under the terms of the TCPA.  The Plaintiff Daisy argues that the pick-off attempt fails under the Eleventh Circuit's standard in Stein v. Buccaneers Ltd. Partnership, 772 F. 3d 698, 708 (11th Cir. 2014), and that it is too early in the litigation to determine if Pollo's offer provides it with full recovery.

The doctrine of mootness stems from Article III of the Constitution, which limits the jurisdiction of federal courts to live cases or controversies. Spencer v. Kemna, 523 U.S. 1, 7 (1998).  A case is moot "when it no longer presents a live controversy with respect to which the court can give meaningful relief." Stein, 772 F. 3d at 708 (quoting Cameron–Grant v. Maxim Healthcare Servs., Inc., 347 F.3d 1240, 1245 (11th Cir.2003) (quoting 31 Foster Children v. Bush, 329 F.3d 1255, 1263 (11th Cir.2003)). A plaintiff must have "a legally cognizable interest in the outcome." Id. (quoting Powell v. McCormack, 395 U.S. 486, 496, 89 S. Ct. 1944, 23 L.Ed.2d 491 (1969); 31 Foster Children, 329 F.3d at 1263). And this must be true from beginning to end, not just when the case is filed. Stein, 772 F. 3d at 708.  Once the defendant offers to satisfy the plaintiff's entire demand, there is no dispute over which to litigate ... and a plaintiff who refuses to acknowledge this loses outright, under Fed. R. Civ. P. 12(b)(1), because he has no remaining stake." Shamblin v. Obama for America, 2014 WL 5780458, *3 (M.D. Fla. November 5, 2014) (quoting Rand v. Monsanto Co., 926 F.2d 596, 598 (7th Cir.1991)).

Pollo claims the case is moot and the Court no longer maintains jurisdiction under Fed. R. Civ. P. 12(b)(1) because they made Daisy an offer of judgment that actually exceeds the damages Daisy could recover if Daisy prevailed at trial.  Under the TCPA, a plaintiff may recover $500.00 for each offense, and may recover treble damages of $1,500.00 per offense if the alleged violations were done knowingly and willfully.  47 U.S.C. § 227(b)(3).  Pollo argues that since Daisy only refers to three facsimiles in its Complaint that the maximum Daisy could recover under the TCPA would be $4,500.00.  Since Pollo offered Daisy $15,000.00 plus injunctive relief promising to never send another fax to Daisy, Pollo reasons that its offer more than satisfies Daisy's claim.  As such, Pollo argues the case is moot because there is nothing more for Daisy to recover.

Daisy argues that under the Eleventh Circuit's holding in Stein v. Buccaneers Ltd. Partnership, 772 F. 3d 698, 708 (11th Cir. 2014), it is too early in the proceedings to calculate full relief of the Plaintiff's individual claims.  Stein makes clear that a defendant's act of serving a plaintiff with an offer of judgment pursuant to Fed. R. Civ. P 68 that provides that plaintiff with full relief in order to moot the case is no longer a viable defense strategy in the Eleventh Circuit. Isaacs, 2015 WL 224789, at *1.[2]

While Pollo argues that its $15,000.00 offer fully satisfies Daisy's claim, Daisy contends that discovery must take place before it can be determined that full relief has been satisfied.  Daisy further argues that under Stein even if the individual claim was resolved by Pollo's offer of judgment, the class action claim would still survive.

---

[2] The Stein Court specifically refers to offers made under Fed. R. Civ. P. 68.  In this case, Pollo did not make its offer pursuant to Fed. R. Civ. P. 68, but made an unconditional offer that would not expire as an offer under Rule 68 would.  As such, the Court does not have to reach a determination at this point regarding whether or not the principles applied in Stein also apply to cases where the defendant makes an offer without invoking Rule 68.

Daisy's complaint only lists three (3) specific violations of the TCPA, however, Daisy alleges that there were more than three facsimile sent to its fax number. The Complaint states that Pollo sent facsimiles on December 25, 2010, December 29, 2010, and January 9, 2011. (Doc. #1, ¶13). The Complaint continues that "[o]n information and belief, Defendants faxed the same and other unsolicited facsimiles without the required opt out language to Plaintiff and more than 25 other recipients without first receiving the recipients' express permission or invitation." (Doc. #1, ¶17). While Pollo's offer satisfies the facsimiles listed by date in the Complaint, the offer does not provide full and complete relief because the Complaint alleges Pollo sent more than three (3) of the unsolicited facsimiles to Daisy. Without discovery into how many facsimiles Pollo sent to Daisy, the Court cannot determine that Pollo's offer completely moots the case. Thus, the Court maintains jurisdiction over the claim.

### (2) Whether the Claim Should be Dismissed Under Fed R.Civ. P. 12(b)(6)

Pollo argues the Complaint fails to establish the element of a claim under the TCPA and therefore, the Complaint fails to state a claim under Fed. R. Civ. P. 12(b)(6). Daisy argues that it met all of the pleading requirements under the Rules.

In deciding a motion to dismiss, the Court must accept all factual allegations in a complaint as true and take them in the light most favorable to the plaintiffs. Christopher v Harbury, 536 U.S. 403, 406, 122 S. Ct. 2179, 153 L. Ed. 2d 413 (2002). However, dismissal for failure to state a claim upon which relief may be granted does not require appearance, beyond a doubt. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 561- 563, S. Ct. 127 S. Ct. 1955, 167 L. Ed 2d 929 (2007) (aboragating Conley v. Gibson, 355 U.S. 41, 45-46, 78 S. Ct. 99, 2 L. Ed. 2d 80 (1957)). While a complaint attacked by a Rule

12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the "grounds" of his "entitlement" to relief requires more than labels, conclusions, and a formulaic recitation of the cause of actions elements. Bell Atlantic, 550 U.S. 544, 561- 563.

The elements of a TCPA claim are (1) the fax is an advertisement, (2) the fax is unsolicited, and (3) the defendant sent the fax to a telephone facsimile machine using a telephone facsimile machine, computer, or other device. 47 U.S.C. §227(b)(1)(C).

### (a) Were the Facsimile Advertisements

The TCPA defines "unsolicited advertisement" as "any material advertising the commercial availability or quality of any property, goods, or services which is transmitted to any person without that person's prior express invitation or permission, in writing or otherwise." 47 U.S.C. § 227(a)(5). Accordingly, if a fax contains no commercial element, it cannot violate the TCPA. Neurocare Institute of Central Florida, P.A. v. Healthtap, Inc., 8 F.Supp.3d 1362, 1367 (M.D. Fla.2014). Courts have interpreted the word "commercial" to refer to the buying or selling of goods or services. Id. (citing Phillips Randolph Enters., LLC v. Adler–Weiner Research Chicago, Inc., 526 F.Supp.2d 851, 852 (N.D.Ill.2007) (determining that faxes which promoted a research discussion with no opportunity for monetary gain was not an advertisement); Rudgayzer & Gratt v. Enine, Inc., 4 Misc.3d 4, 779 N.Y.S.2d 882, 885 (N.Y.Sup.App.2004) (determining that faxes were advertisements when they were designed to induce recipients to inquire about purchasing products from the sender)).

In this instance, the facsimiles were intended to induce Daisy's employees to purchase food products from Pollo's restaurants.   Therefore, the facsimiles were advertisements.

### (b) Whether the Facsimiles were Unsolicited

Daisy's Complaint states the advertisements were unsolicited because they were sent without Daisy's express consent, invitation, or permission. (Doc. #1, ¶16).  Daisy therefore meets the second element of establishing a claim under the TCPA.

### (c) Whether the Facsimile were Sent Via a Telephone Facsimile Machine

The Complaint alleges that the facsimile were sent via a telephone fax machine. (Doc. #1, ¶13).  Taking the Plaintiff's claims as true, the third element of the TCPA has been met.  Therefore, Daisy established a claim under the TCPA.

### (d) Safety Harbor Provision

Pollo argues that Daisy's failure to allege that there was an absence of a business relationship between the Parties means Daisy failed to establish a claim under the TCPA. Pollo's argument stems from the TCPA's safe harbor provision for the transmission of unsolicited faxed advertisements. *See* Neurocare Institute of Central Florida, P.A. v. Healthtap, Inc., 8 F.Supp.3d 1362, 1368 (M.D. Fla. 2014) (citing 47 U.S.C. § 227(b)(1)(C)).   That safe harbor provision has three elements that must be met: (1) the sender and recipient have an established business relationship; (2) the recipient voluntarily shared its fax number within the context of the established business relationship or the recipient voluntarily made its fax number available for public distribution (for example, by submitting the fax number to a website or directory); and (3) the fax

contained an opt-out notice as required by the statute and applicable FCC regulations. Neurocare, 8 F.Supp.3d 1362, 1368; 47 U.S.C. § 227(b)(1)(C); 47 C.F.R. § 64.1200(a)(4).

Contrary to Pollo's argument, Daisy alleged an absence of a business relationship in its Complaint.  The Complaint reads in pertinent part: "the Plaintiff and the other class members did not have an established business relationship. . . ." (Doc. #1, ¶36(b)).  Thus, Pollo cannot receive any benefit from the safety harbor provision.

### (3) Class Action Claim

Pollo argues that Daisy's class action claim is now moot because this Court lacks jurisdiction under Fed. R. Civ. P. 12(b)(1), the class complaint fails to state a claim under Fed. R. Civ. P. 8, and Daisy has not pursued the claim with diligence.

### (a) Whether the Claim Fails for Lack of Jurisdiction

In its Motion, Pollo relied on Damasco v. Clearwire Corp., 662 F. 3d 891 (7th Circuit 2011), for its position that the class action claim was now moot because the named Plaintiff's claim lacks jurisdiction.  Damasco held that if the offer to the named plaintiff was made before the plaintiff moved to certify the class, the named plaintiff could not go forward with his claim.  In this case, the Court denied Pollo's Rule 12(b)(1) Motion. Consequently, Pollo's argument that the class action is now moot because of the offer of judgment fails.

### (b) Whether the Class Fails Under Rule 8

Pollo argues that the Complaint fails to comply with Fed. R. Civ. P. 8, because the Complaint simply recites the elements of the statue and is void of any factual basis that would support an inference of years of unauthorized faxes sent to the putative class members.  Pollo bases its position on the Complaint's reliance on the words "information

and belief" to establish that numerous facsimile were sent to Daisy and at least forty (40) other putative class members.

Daisy argues that facts regarding how many faxes were sent, the dates they were sent, and the number of putative class members that received faxes remains in the custody and control of Pollo.  As such, Daisy argues that pleading "on information and belief" is acceptable because discovery will reveal the information Pollo possesses about the number of facsimile and the intended recipients.  In the alternative, Daisy states that it has information from the initial discovery that will support its class action claim and offers to amend the Complaint to comply with Rule 8.

To satisfy the pleading requirements of Fed. R. Civ. P. 8, a complaint must simply give the defendants fair notice of what the plaintiff's claim is and the grounds upon which it rests. Id. at 555; Swierkiewicz v. Sorema N.A., 534 U.S.  506, 512, 122 S. Ct. 992, 152 L. Ed. 2d 1 (2002).  Although the pleading standard announced in Fed R. Civ. P. 8 does not require "detailed factual allegations," it does demand more than an unadorned, "the-defendant-unlawfully-harmed-me accusation." Sinaltrainal v. Coca-Cola Co., 578 F. 3d 1252,  1268 (11th Cir. 2009) (citing Ascroft v. Iqbal, ----- U.S.----, 129 S. Ct. 1937, 1949, 173 L. Ed 2d 868  (2009).  Furthermore, unwarranted deductions of fact in a complaint are not admitted as true for the purpose of testing the sufficiency of the allegations. Sinaltrainal, 578 F. 3d at 1268 (citing Aldana v. Del Monte Fresh Produce, N.A., Inc., 416 F.3d 1242, 1248 (11th Cir. 2005)).  The facts as pled must state a claim for relief that is plausible on its face. Sinaltrainal, 578 F. 3d at 1268 (citing Iqbal, 129 S. Ct. at 1950).

In its Complaint, Daisy alleges as follows:

> Plaintiff is informed and believes, and upon such information
> and belief avers, that the number of persons and entities of

> the Plaintiff Class is numerous and joinder of all members is impracticable. Plaintiff is informed and believes, and upon such information and belief avers, that the number of class members is at least forty.

(Dco. #1, ¶21).  The <u>Twombly</u> plausibility standard does not prevent a plaintiff from "pleading facts alleged 'upon information and belief' "where the belief is based on factual information that makes the inference of culpability plausible. *See* <u>Iqbal</u>, 556 U.S. at 678 ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.") The <u>Twombly</u> Court stated that "[a]sking for plausible grounds to infer an agreement does not impose a probability requirement at the pleading stage; it simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence of illegal[ity]." <u>Associated Industries Ins. Co., Inc. v. Advanced Management Services, Inc.</u>, WL 1149668, *5-6 (S.D. Fla. 2013) (citing Iqbal, 550 U.S. at 556).

Daisy plead that the class size was about forty (40) in number.  Daisy also argues that the number of facsimiles, the time and date they were sent, and the names of the recipients are peculiarly held within the Defendant Pollo's possession and control and can be ascertained via discovery.   However, Daisy provides no factual basis other than reciting the elements of a class action and stating it believes forty (40) other businesses received the same facsimiles it received.  While Daisy's brief argues, based upon initial discovery disclosure, that Pollo hired the Defendant Priore to send faxes to locations in and around seven (7) of its stores to as many as 10,171 fax numbers, the Court is limited to the information provided in the four corners of the Complaint.

Some Courts have allowed complaints to survive a motion to dismiss based upon an information and belief statement in a pleading, however, those courts had a better

defined factual basis to support their determination than Daisy provides in its Complaint. In this instance, the Plaintiff does not provide the Court with any factual basis other than a speculation based upon the Plaintiff's information and belief that some forty other business also received the alleged facsimiles in violation of the TCPA.  As noted above, unwarranted deductions of fact in a complaint are not admitted as true for the purpose of testing the sufficiency of the allegations. Sinaltrainal, 578 F. 3d at 1268 (citing Aldana v. Del Monte Fresh Produce, N.A., Inc., 416 F.3d 1242, 1248 (11th Cir. 2005)).  The facts as pled must state a claim for relief that is plausible on its face. Sinaltrainal, 578 F. 3d at 1268.

The Plaintiff has not pled a sufficient factual basis to support a plausible Rule 23 class action claim at this point in the proceedings.  Instead, Daisy merely alleges a formulaic recitation of the elements of a class action without providing sufficient facts to support its claims. See Twombly, 550 U.S. at 561-63 (a complaint must be more that a formulaic recitation of the elements of a cause of action).  The Motion to Dismiss the class action claim is granted.

Daisy states in its brief that it has discovered sufficient evidence to support a class claim and would amend the Complaint if the Court found its class claim deficient. Therefore, the Court will allow Plaintiff leave to amend the Complaint to support its class action with a more substantial factual basis.

### (c) *Whether Daisy Pursued the Class Action with Diligence*

In its Supplement (Doc. #29), Pollo argues that Daisy did not pursue the class action with pre-suit diligence.  Pollo points to the fact that the facsimile at issue in this case are almost four years old.  Consequently, Pollo alleges that Daisy's lack of action

for almost four years demonstrates a lack of diligence in pursuing the claims of the purported class.

Pollo relies on the Eleventh Circuits holding in Stein which stated

> What matters is that the named plaintiff acts diligently to pursue the class claims. This matters because it shows, or at least supports the assertion that, the named plaintiff has "such a personal stake in the outcome of the controversy as to assure that concrete adverseness which sharpens the presentation of issues upon which the court so largely depends...." Sosna, 419 U.S. at 411, 95 S. Ct. 553 (quoting Baker v. Carr, 369 U.S. 186, 204, 82 S. Ct. 691, 7 L.Ed.2d 663 (1962)). A named plaintiff who does not act diligently may not have what it takes to adequately present the issues. But to act diligently, a named plaintiff need not file a class-certification motion with the complaint or prematurely; it is enough that the named plaintiff diligently takes any necessary discovery, complies with any applicable local rules and scheduling orders, and acts without undue delay.

Stein, 772 F.3d at 707.

Pollo's argument is frivolous at best.  The Stein Court was referencing whether or not the relation-back doctrine would apply to the Stein defendant's pick-off attempt prior to the Stein plaintiffs filing their motion for class certification. Id.  The Stein defendants made their Rule 68 offer of judgment prior to the Stein plaintiffs filing a motion for class certification.  The Eleventh Circuit found that the filing of the motion for class certification after the Rule 68 motion related back to the filing of the complaint itself.  The Eleventh Circuit then held that what mattered was not that the Rule 68 offer of judgment was made prior to the motion for class certification, but that the plaintiffs had diligently acted to pursue the class claims. Id.  Nothing in the Stein Court's ruling supports Pollo's proposition that Daisy failed to pursue the class claim with diligence because it failed to file its Complaint at an earlier time.

The M.D. Fla. Local Rule 4.04(b) requires a plaintiff to file a motion for class certification within ninety (90) days of filing its class action complaint.  Daisy filed its Motion for Class Certification three (3) days after filing its Complaint.  The Complaint was filed within the statute of limitations.  Therefore, there is no evidence that Daisy has acted with undue delay in pursuing its class action.

### CONCLUSION

The Court finds it has jurisdiction over Daisy's claim because full damages cannot be calculated at this point in the litigation.  Further, Daisy's Complaint sufficiently states a claim for a violation of the TCPA in regards to Daisy's claim.  Nevertheless, Daisy's class action claim lacks a sufficient factual basis to support a claim under Rule 8.  Daisy will be given leave to file an amended complaint with sufficient factual basis if possible.

Accordingly, it is now **ORDERED:**

The Defendant Pollo Operations, Inc.'s Motion to Dismiss Case Pursuant to Fed. R. Civ. P. 12(b)(1) or in the Alternative to Dismiss with Prejudice Pursuant to Fed. R. Civ. P. 12(b)(6) (Doc. #22) is **GRANTED in part and DENIED in part**.

(1) The Defendant Pollo's Motion to Dismiss Daisy's TCPA claim is **DENIED**.

(2) The Defendant Pollo's Motion to Dismiss Daisy's Class Action Complaint is **GRANTED**.  Daisy shall file an Amended Complaint that includes a factual basis supporting its claim for class action on or before **April 10, 2015.**

**DONE** and **ORDERED** in Fort Myers, Florida this 27th day of March, 2015.

**SHERI POLSTER CHAPPELL**
**UNITED STATES DISTRICT JUDGE**

Copies:  All Parties of Record