UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

DAISY, INC., a Florida corporation, )
individually and as the representative of a class )
of similarly situated persons, )
　　　　　　　　　　　　　　　　　　　　　 )
　　　　Plaintiff, )
　　　　　　　　　　　　　　　　　　　　　 )  Case No: 2:14-cv-564-FtM-38CM
v. )
　　　　　　　　　　　　　　　　　　　　　 )
POLLO OPERATIONS, INC., EDWARD )
PRIORE and JOHN DOES 1-10, )
　　　　　　　　　　　　　　　　　　　　　 )
　　　　Defendants. )
　　　　　　　　　　　　　　　　　　　　　 )

**MOTION TO STRIKE CLASS ALLEGATIONS PURSUANT TO RULES 8, 12(B)(6) AND 12(F) AND TO DISMISS DAISY'S INDIVIDUAL CLAIMS FOR LACK OF JURISDICTION PURSUANT TO RULE 12(b)(1)**

**INTRODUCTION**

In its ruling on Defendant Pollo Operations, Inc.'s ("Pollo's") Motion to Dismiss, the Court made three related rulings. (Doc. 53, Order dated March 27, 2015 (the "Order")). First, the Court found that it was premature to find Plaintiff, Daisy, Inc.'s ("Daisy's"), claim moot as Daisy represented it was possible that "discovery" would reveal Daisy received more than four faxes. (Order, p. 5). Second, the Court held that Daisy's general references to the scope of the alleged fax campaign were legally insufficient to sustain class claims under Rule 8. (Order, p. 8). Third, the Court did not rule on whether the actual payment of funds mooted Daisy's claim because of its finding that there might, in fact, be additional faxes beyond the four.[1]

---

[1] The Court indicated that Pollo merely made an offer of judgment, when Pollo actually wrote a check for $15,000 and tendered it to Daisy. While initially Pollo had made an offer, it subsequently paid the money. As Justice Kagan

In response to the Court's ruling, Daisy repled its claim and specifically pled a four week, once per week, alleged fax campaign in late 2010 early 2011.  (*See* First Amended Complaint, ¶ 32, "Defendants sent Faxes on or about December 25, 2010, December 29, 2010, January 9, 2011, and January 13, 2011").  While Daisy offered no additional facts, Daisy did repeat the same boilerplate allegations that some other, unknown, faxes may or may not have been sent.  It also repeated its John Doe allegations suggesting a conspiracy involving unnamed and unidentified and unidentifiable persons.  (*Id.* at ¶¶ 12, 33).

Now that Daisy has repled its class allegations and limited its actual allegations to the four week period, it is beyond dispute that Daisy only received four faxes.  It is also beyond dispute that Plaintiff has not, and cannot, adequately plead any other class allegations.

As such, the Court should revisit the first two rulings on whether the actual payment of $15,000 to Daisy (as Pollo paid the money in addition to making an unconditional offer), moots Daisy's case.  Furthermore, the Court should strike the boilerplate class references (¶ 33) and the various references to unidentified John Doe allegations (¶ 12).  Pollo also believes the Court should hold that in the absence of a class member other than Daisy, mooting Daisy's claim should moot the entire class.  However, in light of the rulings in both *Stein v. Buccaneers Ltd. P'ship*, 772 F.3d 698 (11th Cir. 2014) and *Walker v. Fin. Recovery Servs., Inc.*, No. 14-13769, 2015 WL 1383233 (11th Cir. March 27, 2015), that argument cannot be made in good faith to this Court, as it the Court bound by those rulings.  However, Pollo raises the argument in order to preserve it for argument to the 11th Circuit, should it prove necessary, that it should limit its rulings and not permit a mooted class Plaintiff to proceed.

---

stated in *Genesis Healthcare Corp. v. Symczyk,* 133 S. Ct. 1523 (2013), in dissenting from a finding that an offer of judgment operated to moot a case, a defendant's "unconditional surrender" could moot a case when only "plaintiff's obstinacy" prevents her from "total victory." *Id.* at 1536.  Here, Daisy's holding onto and refusing to cash a check is the only reason that it does not have "total victory."

I.  **THE COURT MAY NOW CONCLUDE THAT THE PLEADINGS, THE PARTIES' CONDUCT, AND THE SURROUNDING FACTS COMPEL A FINDING THAT DAISY ONLY RECEIVED FOUR FAXES.**

The First Amended Complaint finally sets out the real issues in dispute. As the First Amended Complaint indicates, this case concerns only an alleged four week, seven store, once per week fax campaign, allegedly carried out by Defendant Priore on behalf of Defendant Pollo. (First Amd. Cmplt., at ¶ 32). While Pollo denies that it authorized any such actions, or that such a fax campaign even occurred, those issues are framed for the Court by these specific allegations.[2]

A. **The Pleadings.**

Daisy specifically identifies four weeks in which Priore allegedly sent faxes on behalf of Pollo. (First Amd. Complt., at ¶ 13). In that same paragraph, Daisy acknowledges that it actually has telephone records supporting its claim. (*Id.* at ¶ 13). The First Amended Complaint contains no other specific allegation or claim that Priore, Pollo or anyone else unlawfully sent a fax to Daisy.

Under these facts, if accepted as true, Daisy received one fax per week from Priore's company over a four week period. Apart from these specific allegations in ¶¶ 13 and 32, Daisy merely repeats the same boilerplate allegations that the Court already ruled were insufficient in ¶ 33.

B. **Disclosure and Discovery to Date.**

Additional discovery will not uncover additional faxes sent to Daisy. As a starting point, in its Rule 26 disclosures, Daisy only identified phone records from shortly before and after that

---

[2] In its Order, the Court suggests that Pollo does not deny that it sent the faxes identified by Daisy. (Order, at p. 2). Pollo has not yet answered but does deny that it sent, caused to be sent, or authorized sending the faxes and will reflect that denial in its answer.

four week period as relevant. (*See* Plaintiff's First Amended Rule 26(a)(1) Disclosures, at p. 2, previously filed as Ex. E to Pollo's Motion for Protective Order ("MOP"), identifying "Mr. Priore's outgoing call details records from Comcast from October 20, 2010 to February 7, 2012 for telephone numbers (954) 404-9629 and (954) 404-9368"). Moreover, Daisy's counsel has been in possession of Priore's complete phone records since at least 2012, when they were obtained in another case, and has not produced or identified such records outside the limited four week period as relevant. (MOP, at Exhibit D, Email from Ryan Kelly to Catherine Miller, identifying records as originating in *Old Town v. Lokhandwala*, 11-CV-04291 (2012); *see also* MOP at Exhibit H, Subpoena to Comcast seeking records from Comcast "from December 2010 and January 2011"). Daisy, of course, also has access to its own telephone records and has sought out those records in connection with this case.

Pollo, for its part, has no additional records to produce, and has not even arguably participated in any relationship with Priore since mid-January 2011. (*Id.*, MOP at Ex H, only seeking records from December 2010 and January 2011).

Given that Daisy has already stated it has no records of additional faxes, the phone records do not show additional faxes, and Fiesta has no such records, the maximum number of faxes at issue for Daisy is four.[3]

## II. THE CASE IS MOOT AS TO AS DAISY HAS LONG BEEN FULLY COMPENSATED FOR ANY HARM.

In light of the fact that Daisy received at most four faxes, Daisy's claim is rendered moot. For purposes of this argument, Pollo relies upon the law already set out by the Court in connection with its March 27, 2015 ruling and Rule 12(b)(1). (Docs. 22 and 36).

---

[3] By way of alternate pleading, Pollo is willing and able to show there are no facts that would suggest any relationship with Priore after January 2011. While Pollo has not located any case law suggesting that a hearing at this stage is either necessary or appropriate, it is nevertheless willing to so proceed.

Daisy could receive, at most, $6,000 in damages for the four faxes. Pollo has gone beyond merely making an unconditional offer to settle; it has written and mailed a check for $15,000 to Daisy.[4] Pollo has also presented an agreed order that would bar any further faxing and, in fact, is not alleged to have continued faxing any material to Daisy. (Order, at p. 4). In that sense, this case is no different than a note case, where a note has been fully paid and the claim for enforcement of the note rendered moot. Simply put, Daisy has no further stake in this litigation.

### III. POLLO RESERVES THE RIGHT TO ASSERT BEFORE THE 11th CIRCUIT THAT THE ENTIRE CASE SHOULD BE CONSIDERED MOOT.

It is Pollo's position that once Daisy's claim is moot, and absent any other interested class members, the entire case should be dismissed on grounds of mootness. In Pollo's view, if Daisy's claim is moot, and no other interested class member is involved in the case, the class claims are also moot. However, in light of the rulings in *Stein* and *Walker*, even assuming an individual class member's claim is mooted, the class action is not moot pursuant to those cases even if the named Plaintiff's claim is moot "so long as the named plaintiff has not failed to diligently pursue class certification." *Walker*, 2015 WL 1383233, at *1, *citing Stein*, 772 F.3d at 707. Pollo cannot therefore argue before this Court that a ruling that declares Daisy's claim moot also moots the entire class claim. Pollo wishes to preserve the right to raise this argument, should it prove necessary, in the 11th Circuit and presents it here understanding that the Court cannot grant a motion to dismiss on these grounds. Thus, while Pollo argues above that Daisy's

---

[4] The Court's prior ruling referred to an offer of judgment for $15,000. While Pollo did tender an offer of judgment, it subsequently also tendered a check for $15,000 to Daisy. The check was not conditioned upon any further act or release. It reflected an unconditional payment of $15,000. Plaintiff has not cashed the check, but that is its own decision to reject Pollo's unconditional payment for the alleged damages. If the Court declares Daisy's claim moot, it will consent to an order to redeliver the funds.

individual claim should be dismissed as moot, it is not asking this Court to dismiss the class claim on grounds of mootness.

## IV. CONCLUSION

Defendant Pollo respectfully requests that the Court dismiss Daisy's claim as moot, strike ¶¶ 12 and 33 under Rule 8, and preserve Pollo's right to object to the class certification on any grounds whatsoever, including mootness.  Further, Pollo respectfully requests that the Court limit discovery to the well pled factual allegations contained in ¶¶ 13 and 32, and for such other and further relief the Court deems appropriate.

Date: May 1, 2015

/s/ Jason L. Margolin
JASON L. MARGOLIN
Florida Bar Number: 69881
AKERMAN LLP
SunTrust Financial Centre, Suite 1700
401 E. Jackson Street
Tampa, FL  33602-5250
Phone:  (813) 223-7333
Fax:  (813) 223-2837
Email: jason.margolin@akerman.com

JEFFREY J. MAYER
CATHERINE A. MILLER
AKERMAN LLP
71 South Wacker Drive, 46th Floor
Chicago, IL  60606
Phone:  (312) 634-5700
Fax:  (312) 424-1900
Email:  jeffrey.mayer@akerman.com
             catherine.miller@akerman.com

*Attorneys for Defendant*
*POLLO OPERATIONS, INC.*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a copy of the foregoing Motion was served by CM/ECF to the Court and all parties of record in this case this 1st day of May, 2015.

>*/s/ Jason L. Margolin*
>Jason L. Margolin