UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

DAISY, INC., a Florida corporation,
individually and as the representative
of a class of similarly situated persons

      Plaintiff,

v.                                     Case No:  2:14-cv-564-FtM-38CM

POLLO OPERATIONS, INC.,
EDWARD PRIORE and JOHN
DOES 1-10,

      Defendants.

_____

## ORDER

      Before the Court is Plaintiff, Daisy, Inc.'s Motion to Compel (Doc. 55), filed on March 27, 2015. Plaintiff requests that the Court compel *pro se* Defendant Edward Priore ("Defendant") to respond to Plaintiff's First Set of Interrogatories and First Requests for Production. Defendant did not file a response to the motion, and the time for doing so now has expired. Plaintiff has not sought to withdraw the motion, and the docket does not otherwise indicate that Defendant has provided the information requested by Plaintiff's First Set of Interrogatories and First Requests for Production; thus, the Court presumes that Plaintiff has not yet received the requested information and the motion remains ripe. For the reasons that follow, the motion is granted.

      Motions to compel and other discovery matters brought pursuant to Rule 37, Federal Rules of Civil Procedure, are committed to the sound discretion of the trial

court.   *Commercial Union Ins. Co. v. Westrope*, 730 F.2d 729, 731 (11th Cir. 1984);

*Broadcast Music, Inc. v. Bourbon Street Station, Inc.*, No. 3:09-cv-468-J-25MCR, 2010

WL 376619, at *1 (M.D. Fla. Jan. 26, 2010).   As Plaintiff acknowledges, the "purpose

of discovery under the Federal Rules is to require the disclosure of all relevant

information so that the ultimate resolution of disputed issues in any civil action may

be based on a full and accurate understanding of the true facts."   *Broadcast Music,*

*Inc.*, 2010 WL 376619, at *1 (citing *United States v. Proctor & Gamble Co.*, 356 U.S.

677, 682 (1958)); *see* Doc. 55 at 1.   Here, because Defendant did not respond to the

motion, the Court is unaware of any reason why he cannot, or believes he should not

be required to, comply with Plaintiff's requests.

Accordingly, the Court may consider the motion unopposed and order

Defendant to respond to Plaintiff's requests.   *Broadcast Music, Inc.*, 2010 WL

376619, at *1.   In the spirit of the Federal Rules and in the interests of achieving a

resolution based on a full and accurate understanding of the facts, the Court will do

so here.   The Court also will take this opportunity to remind Defendant that even

though he currently is proceeding *pro se*, it is mandatory that he proceed in

accordance with Federal and Local Rules.[1]   *Loren v Sasser*, 309 F.3d 1296, 1304

(11th Cir. 2002) (noting that despite certain leniency afforded *pro se* parties, they

must follow procedures).   Defendant is strongly encouraged to attempt to retain

counsel admitted to practice before this Court to assist him in this matter.   *See*

---

[1] The Court's Local Rules may be found at www.flmd.uscourts.gov.   The website also
contains a section entitled "Proceeding Without a Lawyer" that may assist Mr. Priore as he
continues to represent himself in his individual capacity in this matter.

*Schebel v. Charlotte Cnty.*, 833 F. Supp. 889, 890 (M.D. Fla. 1993) ("strenuously" encouraging *pro se* plaintiff in civil action to retain legal counsel); *see also Montgomery v. Brickell Place Condo. Ass'n*, No. 11-24316-CIV, 2012 WL 1203837, at *3 (S.D. Fla. Apr. 11, 2012) (encouraging *pro se* plaintiff to "retain legal counsel and, failing that, to diligently research how to prosecute" a case in federal court because *pro se* parties are responsible for discovery, complying with scheduling orders and following federal and local rules).

ACCORDINGLY, it is hereby

**ORDERED:**

Plaintiff's Motion to Compel (Doc. 55) is **GRANTED**.  Defendant Edward Priore shall have up to and including **June 2, 2015** to respond to Plaintiff's First Set of Interrogatories and First Requests for Production.[2]

**DONE** and **ORDERED** in Fort Myers, Florida on this 14th day of May, 2015.

CAROL MIRANDO
United States Magistrate Judge

Copies:
Counsel of record

---

[2] Defendant should provide this information directly to Plaintiff's counsel and not the Court.  *See* Local Rule 3.03(d) (explaining that requests for production and other discovery materials, and responses thereto, should not be filed with the Court as a matter of course).