UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

DAISY, INC., a Florida corporation, individually and as the representative of a class of similarly situated persons

        Plaintiff,

v.

POLLO OPERATIONS, INC., EDWARD PRIORE and JOHN DOES 1-10,

        Defendants.
_____/

Case No: 2:14-cv-564-FtM-38CM

### **ORDER**[1]

This matter comes before the Court on Defendant Edward Priore's Motion to Correct the Record construed as a Motion to Compel (Doc. #71) filed on June 1, 2015. Plaintiff Daisy, Inc. responded to Priore's Motion to Correct the Record on June 2, 2015. (Doc. #72).

### **I.  Background**

Plaintiff alleges Priore approved, authorized, and participated in a scheme to broadcast advertisements by facsimile for Pollo Operations, Inc. (Doc. #56, ¶ 11). Consequently, Plaintiff brought suit against Priore under the Junk Fax Prevention Act of 2005 (JFPA). (Doc. #56, ¶ 4).

---

[1] Disclaimer: Documents filed in CM/ECF may contain hyperlinks to other documents or Web sites. These hyperlinks are provided only for users' convenience. Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees. By allowing hyperlinks to other Web sites, this Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the Court has no agreements with any of these third parties or their Web sites. The Court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.

On or about February 2, 2015, Priore alleges he sent Plaintiff's counsel a Set of Interrogatories and Notice to Produce. ([Doc. #71](), ¶ 1). Priore claims he received no answer or requested documents from Plaintiff's counsel. ([Doc. #71](), ¶ 2). Priore then alleges he attempted to call Plaintiff's counsel without success. ([Doc. #71](), ¶ 3). On or about March 9, 2015, Priore also alleges he filed a Motion to Compel Discovery from Plaintiff. ([Doc. #71](), ¶ 4). Priore now requests the record be corrected so that Plaintiff must respond to Priore's Requests for Production and Interrogatories. ([Doc. #71](), ¶ 7).

Plaintiff's counsel denies receiving documents from Priore, calls or emails regarding Priore's Motion to Correct the Record, and Priore's Motion to Compel. ([Doc. #72](), ¶¶ 2-4). Subsequent to Priore's Motion to Correct the Record, Plaintiff's counsel alleges leaving emails and voicemails for Priore without return. ([Doc. #72](), ¶ 6). Plaintiff now requests this Motion be denied because Priore has adequately failed to meet and confer regarding the relief sought in Priore's Motion to Correct the Record. ([Doc. #72](), ¶ 7).

**II.     Analysis**

The Federal Rules state that, "[t]he party to whom the request [for production] is directed must respond in writing within 30 days after being served." [Fed. R. Civ. P. 34(b)](). Likewise, a party upon whom interrogatories have been served has 30 days to respond either by filing answers or objections to the propounded interrogatories. [Fed. R. Civ. P. 33(b)](). If the serving party does not receive a response to their interrogatories and request for production, then the serving party may request an order compelling disclosure. [Fed. R. Civ. P. 37(a)](). Whether or not to grant the motion to compel is at the discretion of the trial court. [Commercial Union Ins. Co. v. Westrope](), 730 F.2d 729, 731 (11th Cir. 1984).

The trial court's exercise of discretion will be sustained absent a find of abuse of discretion to the prejudice of a party.  Id.

> Under the Local Rules,
>
> [a] motion to compel discovery pursuant to Rule 36 or Rule 37, Fed. R. Civ. P., shall include quotation in full of each interrogatory, question on deposition, request for production to which the motion is addressed; each of which shall be followed immediately by quotation in full of the objection and grounds therefor as stated by the opposing party; or the answer or response which is asserted to be insufficient, immediately followed by a statement of the reason the motion should be granted.

FL R USDCTMD Rule 3.04(a).

A motion to compel must comply with the Federal and Local Rules.[2] See Loren v. Sasser, 309 F.3d 1296, 1304 (11th Cir. 2002). Priore does not file a motion to compel that complies with FL R USDCTMD Rule 3.04(a). Specifically, Priore does not include a full quotation of each interrogatory or request for production to which the motion is addressed that is immediately followed by a statement of the reason the motion should be granted. See FL R USDCTMD Rule 3.04(a).

Priore does certify that he attempted to confer with Plaintiff's counsel and identifies lack of a response from Plaintiff's counsel as a problem. (Doc. #71, ¶¶ 1-4). See Jacox v. Dep't of Def., 291 F. App'x 318 (11th Cir. 2008) (holding that pursuant to Federal Rule of Civil Procedure 37(a), a party should include certification of conferring with the opposing party in good faith and identify particular problems or shortcomings in the opposing party's responses); FL R USDCTMD Rule 3.01(g) (requiring that the moving party actually confer with opposing counsel). Plaintiff's counsel, however, denies receiving contact from Priore.

---

[2] The Court's Local Rules may be found at www.flmd.uscourts.gov. The website also contains a section entitled "Proceeding Without a Lawyer" that may assist Mr. Priore as he continues to represent himself in his individual capacity in this matter.

3

(Doc. #72, ¶¶ 2-4). After Priore filed this Motion, Plaintiff's counsel states it attempted to contact Priore without success. (Doc. #72, ¶ 6).

The Court finds Priore's Motion to Correct the Record construed as a Motion to Compel fails to comply with the Federal and Local Rules of Civil Procedure. Therefore, this Motion is denied. The Court encourages the parties to work together and cooperate in discovery.

Accordingly, it is now

**ORDERED:**

Defendant Edward Priore's Motion to Correct the Record construed as a Motion to Compel (Doc. #71) is **DENIED**.

**DONE** and **ORDERED** in Fort Myers, Florida this 10th day of June, 2015.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies:  All Parties of Record