UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

DAISY, INC., a Florida corporation,
Individually and as the representative of
A class of similarly-situated persons,

    Plaintiff,

v.                                                        Case No: 2:14-cv-564-SPC-CM

POLLO OPERATIONS, INC., EDWARD,
PRIORE and JOHN DOES 1–10,

    Defendants.

_____/

## ORDER[1]

This matter comes before the Court on the Defendant, Pollo Operations, Inc.'s Motion to Strike Class Allegations Pursuant to Fed. R. Civ. P. 8, 12(b)(6) and 12(f) and to Dismiss Daisy's Individual Claims for Lack of Jurisdiction Pursuant to Fed. R. Civ. P. 12(b)(1) (Doc. #64) filed on May 1, 2015. The Plaintiff Daisy, Inc. filed its Response to Pollo's Motion to Strike Class Allegations and to Dismiss Daisy's Individual Claims for Lack of Jurisdiction Pursuant to Fed. R. Civ. P. 12(b)(1) (Doc. #68) on May 15, 2015. The Motion is now ripe for the Court's review.

---

[1] Disclaimer: Documents filed in CM/ECF may contain hyperlinks to other documents or Web sites. These hyperlinks are provided only for users' convenience. Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees. By allowing hyperlinks to other Web sites, this court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.

## **FACTS**

Plaintiff brought this action pursuant to the Federal Telephone Consumer Protection Act of 1991 (TCPA), as amended by the Junk Fax Prevention Act of 2005. (Doc. #56, ¶2). Plaintiff alleges on or about December 25, 2010, December 29, 2010, January 9, 2011, and January 13, 2011, Defendant Pollo transmitted by fax machine at least four (4) facsimiles to the Plaintiff. (Doc. #56, ¶2). The faxes sent by Pollo to Daisy consisted of advertisements related to Pollo's restaurants d/b/a Pollo Tropical. (Doc. #56). Daisy states that it had not given Pollo permission nor consented to Pollo faxing advertisements to its fax machine. (Doc. #56, ¶ 16). Daisy further asserts that Pollo faxed the above listed faxes as well as others to their fax machine without displaying a proper opt-out notice as required by 47 C.F.R. § 64.1200. (Doc. #56, ¶19).

Daisy subsequently brought the instant action in this Court. After the case was filed, Pollo made an offer to Daisy of $15,000.00 and agreed to injunctive relief that would stop all faxes from Pollo to Daisy. Pollo now moves to dismiss the case.

## **DISCUSSION**

Daisy, Inc. alleges that Pollo Operations violated the Telephone Consumer Protection Act of 1991 (TCPA) by sending at least four (4) unsolicited faxes or more in late 2010 and early 2011. Pollo Operations requests that this Court strike the "boilerplate class references" in paragraph 33 of the Amended Complaint, as well as the various allegations to unidentified John Does in paragraph 12 of the Amended Complaint pursuant to Fed. R. Civ. P. 8, 12(b)(6) and 12(f). Pollo further requests that Daisy, Inc.'s individual claim should be dismissed for lack of jurisdiction pursuant to Fed. R. Civ. P.

12(b)(1) as moot since Pollo has fully compensated Daisy, Inc. for any harm that allegedly occurred.

Daisy argues Pollo's motion to strike should be denied because Pollo did not provide support for why the specific paragraphs should be struck by the court. Daisy, Inc. also responds to Pollo's argument stating that this motion to dismiss with regard to Daisy's individual claim is premature as discovery is not yet complete.

### (1) Whether the Court should strike the class allegations from the Amended Complaint Pursuant to Rules 8, 12(b)(6) and 12(f)

#### (a) Rule 8

Pollo Operations requests that the Court strike the boilerplate class references that Daisy, Inc. included in its Amended Complaint in paragraph 33 and the various references to unidentified John Doe allegations in paragraph 12 of the same document. Daisy argues Pollo has not explained why the Court should strike these paragraphs nor does Pollo cite to any authority for such a request and as such it should be denied.

To satisfy the pleading requirements of Fed. R. Civ. P. 8, a complaint must simply give the defendants fair notice of what the plaintiff's claim is and the grounds upon which it rests. Swierkiewicz v. Sorema N.A., 534 U.S. 506, 512 (2002). Although the pleading standard announced in Fed. R. Civ. P. 8 does not require "detailed factual allegations," it does demand more than an unadorned, "the-defendant-unlawfully-harmed-me accusation." Sinaltrainal v. Coca-Cola Co., 578 F.3d 1252, 1268 (11th Cir. 2009) (citing Ascroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). Furthermore, unwarranted deductions of fact in a complaint are not admitted as true for the purpose of testing the sufficiency of the allegations. Sinaltrainal, 578 F.3d at 1268 (citing Aldana v. Del Monte Fresh Produce, N.A., Inc., 416 F.3d 1242, 1248 (11th Cir. 2005)). The facts as pled must state a claim for

relief that is plausible on its face. Sinaltrainal, 578 F.3d at 1268 (citing Iqbal, 129 S. Ct. at 1950).

Pollo requests this Court to strike paragraphs 12 and 33 from Daisy's Amended complaint pursuant to Fed. R. Civ. P. 8 because they did not give Pollo fair notice of what Daisy's claim is and the grounds upon which it rests. Paragraph 12 reads in pertinent part: "John Does 1-10 will be identified through discovery, but are not presently known." (Doc. #56, ¶12).

Daisy has set forth its claims against Pollo in paragraph 12 that sufficiently puts Pollo on notice of the of claims that are being brought against it. In paragraph 12, Daisy states that that are other parties that may be added to this case that may be identified through discovery. This case is currently still in the early stages and no class discovery has been engaged. As such, Pollo is aware that others may be found in this stage of litigation.

Paragraph 33 reads in pertinent part:

> 33. **Defendants' Other Violations.** Plaintiff is informed and believes, and upon such information and belief avers, that during the period preceding four years of the filing of this Complaint and repeatedly thereafter, Defendants have sent via facsimile transmission from telephone facsimile machines, computers, or other devices to telephone facsimile machines of members of the Plaintiff Class faxes that constitute advertisements under the JFPA that were transmitted to persons or entities without their prior express permission or invitation (and/or that Defendants are precluded from asserting any prior express permission or invitation because of the failure to comply with the Opt-Out Notice Requirements in connection with such transmissions). By virtue thereof, Defendants violated the JFPA and the regulations promulgated thereunder. Plaintiff is informed and believes, and upon such information and belief avers, that Defendants may be continuing to send unsolicited advertisements via facsimile transmission in violation of the JFPA and the regulations promulgated thereunder, and absent intervention by this Court, will do so in the future.

(Doc. #56, ¶33) (emphasis in original).

In paragraph 33, Daisy does more than merely allege that Pollo harmed them without further explanation. As Fed. R. Civ. P. 8 states, the factual allegation does not need to be detailed, it simply must be more than "the-defendant-unlawfully-harmed-me accusation." Sinaltrainal, 578 F.3d at 1268 (citing Iqbal, 129 S. Ct. at 1949). Daisy alleges Pollo has sent faxes to others in the putative class that violate the JFPA "without express permission or invitation" and that Pollo failed to comply with the Opt-out notice requirements thus violating the JFPA. (Doc. #56, ¶33). Daisy further alleged in paragraph 33 that Pollo continues to send unsolicited faxes and will continue to do so. (Doc. #56, ¶33). As a result, this Court finds paragraph 12 and paragraph 33 satisfy the pleading requirements of Fed. R. Civ. P. 8 because they provide Pollo with notice of the claims against them and the grounds upon which those claims rest.

### *(b)Rule 12(b)(6)*

In deciding a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the Court must accept all factual allegations in a complaint as true and take them in the light most favorable to the plaintiffs. Christopher v. Harbury, 536 U.S. 403, 406 (2002). However, dismissal for failure to state a claim upon which relief may be granted does not require appearance, beyond a doubt. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 561–63 (2007) (abrogating Conley v. Gibson, 355 U.S. 41, 45–46 (1957)). While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the "grounds" of his "entitlement" to relief requires more than labels, conclusions, and a formulaic recitation of the cause of actions elements. Bell Atlantic, 550 U.S. at 561–63.

The Court does not find that paragraphs 12 and 33 should be stricken because the references to other John Does that may have been involved in the fax campaign, as well as others that have been affected by it, may still be discovered at this stage of the case. Pollo did not provide the Court with any case law nor any other factual basis to justify striking these paragraphs under Fed. R. Civ. P. 12(b)(6). As a result, it would be premature to strike these paragraphs.

### (c) Rule 12(f)

Federal Rule of Civil Procedure 12(f) provides that the Court may order "any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter" be stricken from a pleading. Harvey v. Home Depot U.S.A., Inc., 2005 WL 1421170 (M.D. Fla. June 17, 2005). In evaluating a motion to strike, the court must treat all well pleaded facts as admitted and cannot consider matters beyond the pleadings. Microsoft Corp. v. Jesse's Computers & Repair, Inc., 211 F.R.D. 681, 683 (M.D. Fla. 2002). A motion to strike will usually be denied unless the allegations have no possible relation to the controversy and may cause prejudice to one of the parties. Harvey, 2005 WL 1421170 (citing Scelta v. Delicatessen Support Services, Inc., 57 F. Supp. 2d 1327, 1347 (M.D. Fla. 1997).

Pollo alleges that paragraph 12 and paragraph 33 are either redundant, immaterial, impertinent, or scandalous by seeking to have the paragraphs stricken under Fed. R. Civ. P. 12(f). The Court disfavors striking pleadings under this rule. Finding others who have participated or have suffered from this fax campaign is central to Daisy's case. As a result, the paragraphs are not immaterial, impertinent, redundant, nor scandalous. In this stage of litigation, the Court does not find it necessary to strike the specified paragraphs from the Amended Complaint.

In conclusion, the Court finds that Pollo does not provide any explanation as to why these two paragraphs should be stricken from the Complaint. The Parties are still in the early stages of discovery of this case and as such, it is too early to say that Daisy, Inc. will not find other persons to which they will join in the suit as stated in paragraph 12 of the First Amended Complaint. Thus, the Motion to Strike is due to be denied.

### *Whether the Court Lacks Jurisdiction Because the Claim is Moot*

Defendant Pollo alleges the case is now moot for Daisy, Inc.'s individual claim because Pollo has compensated Plaintiff Daisy for any harm. Pollo claims the pleadings, the Parties' conduct, and the surrounding facts compel a finding that Daisy only received four (4) faxes and as a result, Daisy could receive at most $6,000. Thus, Pollo argues its offer of $15,000 and self-imposed bar of any further faxes has adequately compensated Daisy, making its claim moot. Daisy argues Pollo's motion to dismiss Daisy's individual claim is premature and in violation of the Court's order on its first motion to dismiss. Daisy also argues that Pollo's offer was an unaccepted offer of judgment and, as a result, it cannot moot the case.

(a)     <u>May the Court Conclude that Daisy has Only Received Four (4) Faxes</u>

Pollo argues that Daisy identifies four weeks in which Defendant Priore allegedly sent faxes on behalf of Pollo Operations. Pollo further states that more discovery will not yield additional faxes sent to Daisy. To support its claim, Pollo argues that Daisy has been in possession of Priore's complete phone records since at least 2012 which have not produced records outside the limited four week period as relevant.

Daisy counters Pollo's argument by relying on this Court's previous ruling on the first Motion to Dismiss. In that Order, this Court stated that it would not decide what

constitutes complete relief until discovery is complete because the Plaintiff alleged more than just the three (3) specific facsimiles were sent. This Court granted Daisy's motion to compel production of documents from Priore, who Daisy alleges is the "facsimile broadcaster" for Pollo. (Doc. #67). Daisy claims the discovery requests seeks all documents showing "the number of the transmissions, via facsimile" of Pollo's advertisements to Daisy and other class members. (Doc. #68). Priore has not complied with the discovery request as of yet.

This case remains in the discovery period as the Parties continue to request and receive information regarding their positions in the case. Given that Priore has yet to respond to Daisy's requests for documents regarding the number of faxes sent to their intended recipients in this case, the Court cannot determine that the number of facsimiles sent by Pollo to Daisy is limited to four (4).

(b) Whether the Claim is Moot Because Daisy has been Fully Compensated

Pollo claims that this case is moot with regard to Daisy's individual claim because it made an offer of judgment that provided full recovery to Daisy under the Telephone Consumer Protection Act of 1991 (TCPA). Daisy argues that the offer of judgment does not moot the case nor nullify its stake in this case as the offer has not been accepted in accordance with the standard adopted by the Eleventh Circuit's decision in Stein v. Buccaneers Ltd. Partnership, 772 F.3d 698, 708 (11th Cir. 2014), and that it is too early in the case to determine if Pollo's offer of judgment provides Daisy with complete relief.[2]

---

[2] The Stein Court specifically refers to offers made under Fed.R.Civ.P. 68. In this case, Pollo did not make its offer pursuant to Fed.R.Civ.P. 68, but made an unconditional offer that would not expire as an offer under Rule 68 would. As such, the Court does not have to reach a determination at this point regarding whether or not the principles applied in Stein also apply to cases where the defendant makes an offer without invoking Rule 68.

The doctrine of mootness stems from Article III of the Constitution, which limits the jurisdiction of federal courts to live cases or controversies. Spencer v. Kemna, 523 U.S. 1, 7 (1998). A case is moot "when it no longer presents a live controversy with respect to which the court can give meaningful relief." Stein, 772 F.3d at 708 (quoting Cameron-Grant v. Maxim Healthcare Servs., Inc., 347 F.3d 1240, 1245 (11th Cir. 2003) (quoting 31 Foster Children v. Bush, 329 F.3d 1255, 1263 (11th Cir. 2003)). A plaintiff must have "a legally cognizable interest in the outcome." Id.(quoting Powell v. McCormack, 395 U.S. 486, 496, 89 S. Ct. 1944, 23 L.Ed.2d 491 (1969); 31 Foster Children, 329 F.3d at 1263). And this must be true from beginning to end, not just when the case is filed. Stein, 772 F.3d at 708. Once the defendant offers to satisfy the plaintiff's entire demand, there is no dispute over which to litigate ... and a plaintiff who refuses to acknowledge this loses outright, under Fed. R. Civ. P. 12(b)(1), because he has no remaining stake." Shamblin v. Obama for America, 2014 WL 5780458, *3 (M.D. Fla. November 5, 2014) (quoting Rand v. Monsanto Co., 926 F.2d 596, 598 (7th Cir.1991)).

Pollo claims this court lacks jurisdiction under Fed. R. Civ. P. 12(b)(1) relying on the assumption that the number of faxes at issue for Daisy is limited to four (4) faxes. Pollo erroneously relies on this assumption. Under the TCPA, a plaintiff may recover $500.00 for each offense, and may recover treble damages of $1,500 per offense if the alleged violations were done knowingly and willfully. 47 U.S.C. § 227(b)(3). By being limited to only four faxes, the most Daisy could receive in damages would be $6,000. As a result, Pollo's offer of judgment in the amount of $15,000 would more than compensate Daisy for any alleged harm done.  Pollo further argues that it already mailed Daisy a check in that amount as well as presented an agreed order that would bar any further faxing.

Contrary to Pollos's argument, Daisy alleges that more than four (4) faxes were received from Pollo, and therefore Daisy has yet to cash the $15,000 check because more faxes may be discovered.  Daisy notes that this Court has already ruled—in the first motion to dismiss—that, while in the discovery phase, it is unknown as to whether Pollo's offer of judgment for the amount of $15,000 is an adequate remedy because it is unknown how many faxes Daisy has received. Daisy further argues that simply because an offer has been made does not mean that it loses its interest in the case.

Daisy relies on an Eleventh Circuit case, Walker v. Fin. Recovery Servs., Inc., 599 F. App'x 359, 360 (11th Cir. 2015), to support its claim.  In this case, the defendant argued that its offer to the plaintiff was distinguishable from the offer of judgment in Stein because the offer in Walker was rejected but the defendant stood behind their offer rather than requesting the court enter judgment on the terms of the offer. Walker, 599 F. App'x 359 at 360. The court in Walker was not swayed by this argument and held that the decision in Stein was broad enough to say, "[g]iving controlling effect to an unaccepted Rule 68 offer … is flatly inconsistent with the rule." Id. at 360 (citing Stein, 772 F.3d at 702).  The Court in Stein adopted the reasoning of the four dissenting justices in Genesis Healthcare Corp. v. Symcyk, 133 S. Ct. 1523, 1533 (2013), who specifically reasoned:

> [A]n unaccepted offer of judgment cannot moot a case. When a plaintiff rejects such an offer—however good the terms—her interest in the lawsuit remains just what it was before. And so too does the court's ability to grant her relief. An unaccepted settlement offer—like any unaccepted contract offer—is a legal nullity, with no operative effect.

Stein, 772 F.3d at 703 (quoting Genesis, 133 S. Ct. at 1533 (Kagan, J., dissenting). This Court is bound by the rulings in those cases. Daisy has not accepted Pollo's offer and this case remains in the discovery phase.  As such, Daisy continues to have an interest in the

outcome of this case and it remains to be seen whether Daisy's faxes can be limited to only four instances of unsolicited faxes. As has been noted previously, without further discovery and until discovery is complete, the Court cannot determine that Pollo's offer completely moots the case. As a result, the Court maintains jurisdiction over the claim and Daisy's Complaint is not moot.

Accordingly, it is now **ORDERED:**

(1) The Defendant Pollo Operations, Inc.'s Motion to Strike Class Allegations Pursuant to Rule 9, 12(b)(6) and 12(f) (Doc. #64) is **Denied**.

(2) The Defendant Pollo Operations, Inc.'s Motion to Dismiss Daisy's Individual Claims for Lack of Jurisdiction Pursuant to Rule 12(b)(1) (Doc. #64) is **Denied**.

**DONE** and **ORDERED** in Fort Myers, Florida this 3rd day of August, 2015.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record