**IN THE UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**FORT MYERS DIVISION**

DAISY, INC., a Florida corporation,
individually and as the representative of a
class of similarly-situated persons,

         Plaintiff,

    v.

POLLO OPERATIONS, INC., EDWARD
PRIORE and JOHN DOES 1-10,

         Defendants.

CASE NO. 2:14-CV-00564-SPC-CM

**PLAINTIFF'S AGREED MOTION TO REOPEN CASE FOR PURPOSES OF**
**APPROVAL OF CLASS ACTION SETTLEMENT**

Plaintiff, Daisy, Inc. ("Daisy"), on behalf of itself and a class of similarly-situated

persons (identified herein as the "Class"), respectfully requests that this Court enter an order (1)

reopening the action for purposes of approval of the parties' class-wide settlement; (2)

preliminarily approving the proposed class-wide Settlement Agreement attached hereto as

Exhibit A (the "Agreement")[1], (3) approving the form of Class Notice attached as Exhibit 2 to

the Agreement and authorizing their distribution to the Class, and (4) setting dates for opt-outs,

objections, and a fairness hearing at which time final judgment can be entered. A proposed Order

Preliminarily Approving Class Action Settlement and Approving Class Notice is attached as

Exhibit 1 to the Agreement and submitted as Exhibit B to this motion.   A proposed final

judgment, to be entered following class notice and a final approval hearing, is attached as Exhibit

3 to the Agreement.

---

[1] This is a final agreement agreed to by all parties.  The parties expect a signed version to be
available within the next week and will file as a supplemental exhibit.

## I.      BACKGROUND AND SUMMARY OF SETTLEMENT

1.      Plaintiff's Class Action Complaint alleges that Defendants violated the federal Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, and regulations promulgated by the Federal Communications Commission, by faxing advertisements that did not contain a clear and conspicuous notice that complies with the TCPA and FCC regulations.

2.      Defendants include Pollo Operations, Inc. ("Pollo") and Edward Priore. Pollo is party to the settlement and providing the Settlement Fund but all Defendants are to be released by the settlement, which resolves all claims as to all parties.

3.      Plaintiff's attorneys have investigated the relevant facts and have concluded that Defendants sent facsimile advertisements to 6,096 persons between December 23, 2010 and January 5, 2011.

4.      After reviewing and analyzing the legal and factual issues presented in this action, the risks and expenses involved in pursuing the litigation to conclusion, the likelihood of a damage award in excess of that negotiated in this settlement, the protracted nature of the litigation, and the likelihood, costs, and possible outcomes of one or more procedural and substantive appeals, and after two mediations run by mediators Rodnex Max and the Hon. Wayne Andersen (Ret.) and protracted negotiation, Plaintiff and Pollo reached an agreement to settle this case on a class-wide basis. The parties negotiated their Settlement Agreement (Exhibit A) in good faith and at arm's length.

5.      The key terms of the Agreement are as follows:

        (a)      Class Certification. The parties have stipulated to certification of a Settlement Class (the "Class"), pursuant to Federal Rule of Civil Procedure 23 for settlement purposes, consisting of: "All persons who were successfully sent a

2

facsimile image of a Pollo Tropical coupon between December 23, 2010 and January 5, 2011 by or on behalf of Pollo Operations, Inc." (a) Defendant and its present and former officers, directors, employees, shareholders, insurers, and their successors, heirs, assigns, and legal representatives; and (b) the Court and its officers. Exhibit A, ¶ 3.

(b) <u>Class Representation</u>. The parties have further agreed, subject to court approval, that Plaintiffs will be the "Class Representatives" and that Plaintiffs' attorney, Brian J. Wanca of Anderson + Wanca, will be Class Counsel. *Id*.

(c) <u>Relief to the Settlement Class</u>. Pollo will make available a total of $2,150,000.00 (the "Settlement Fund") to pay class member claims, to pay an incentive payment to the class representative, and to pay attorneys' fees and expenses to Class Counsel, including the costs of claims administration. *Id*., ¶ 5. Each Class member that submits a timely and valid claim form identifying itself as the holder of a fax number that received one of the faxes, as reflected in Appendix A to the Agreement, will be paid a *pro rata* share of the Settlement Fund, up to $500.00, said checks being void 181 days after issuance. *Id*., ¶ 8 and Appendix A. Given the risks associated with a trial, Plaintiff's attorneys determined that the settlement is fair, reasonable, and adequate for the Class. *Id*., p. 2.

(d) <u>The Settlement Administrator</u>. The parties have retained the services of the Angeion Group—a professional third party class action settlement administrator—to administer the class notice, claims process, and payment of

3

claims. *Id.*, ¶ 6.

(e)     Class Notice. Within 7 days of the Court's preliminary approval of the Settlement Agreement, the Settlement Administrator will cause notice of the settlement ("Notice") to the Class by sending the Notice by postcard mail to addresses associated with the list of facsimile numbers on Appendix A to the Agreement. *Id.*, ¶ 7. The proposed notice is attached as Exhibit 2 to the Settlement Agreement.

(f)     Class Members' Right to Opt Out. Any member of the Class may request to be excluded from the Settlement Agreement and the settlement by opting out of the Class within the time period set by this Court.  Any member who opts out of the Class shall not be bound by any prior Court order or the terms of the Settlement Agreement and shall not be entitled to any of the monetary benefits set forth in the Settlement Agreement.  *Id.*

(g)     Release. In consideration of the relief provided by the settlement, as detailed in the Settlement Agreement, the Settlement Class will release all claims that arise out of or relate to Defendants' transmission of facsimiles between December 23, 2010 and January 5, 2011.  *Id.*, ¶ 13.  If any of the class members reside in California or are otherwise subject to California law, then they will release/waive all rights concerning the transmission of illegal advertisements during that period of time under Section 1542 of the Civil Code of California. *Id.*

(h)     Incentive Award and Attorney's Fees and Expenses. Class Counsel will ask the Court to approve the Parties' agreement to pay $15,000.00 from the Settlement Fund to each Plaintiff as an incentive award for serving as the Class

Representative. *Id.*, ¶ 10. Further, Class Counsel will ask the Court to approve the parties' agreement to pay attorneys' fees and costs to Class Counsel equal to 25% of the Settlement Fund ($537,500.00) plus out of pocket litigation expenses, not to exceed $43,000.00.   *Id.*   Defendants will not object to a request for these amounts.  *Id.*

## II.   THE COURT SHOULD PRELIMINARILY APPROVE THE SETTLEMENT.

6.      "Approval of a class-action settlement is a two-step process. In the first step, the Court determines whether the proposed settlement should be preliminarily approved." *Fresco v. Auto Data Direct, Inc.*, 2007 WL 2330895, *4 (S.D. Fla. May 14, 2007), *citing* David F. Herr, Annotated Manual for Complex Litigation § 21.632 (4th ed.2004).  "At the preliminary-approval step, the Court is required to 'make a preliminary determination on the fairness, reasonableness, and adequacy of the settlement terms.'" *Id., quoting* Annotated Manual for Complex Litigation § 21.632. "A proposed settlement should be preliminarily approved if it 'is within the range of possible approval or, in other words, [if] there is "probable cause" to notify the class of the proposed settlement.'" *Id.* (*quoting Horton v. Merrill Lynch, Pierce, Fenner & Smith, Inc.,* 855 F.Supp. 825, 827 (E.D.N.C.1994) and *Armstrong v. Board of School Directors,* 616 F.2d 305, 312 (7th Cir.1980)). "In the second step, following appropriate notice to the class and after hearing from any potential objectors, the Court makes a final decision whether to approve the proposed settlement." *Id.*

7.      A court may approve a settlement if the settlement "is fair, reasonable, and adequate." Fed. R. Civ. P. 23 (e)(2). *See Nelson v. Mead Johnson & Johnson Co.*, 484 Fed.Appx. 429, 434 (11th Cir. 2012). It is well-established that there is an overriding public interest in settling and quieting litigation, and this is particularly true in class actions. *See In re Checking*

*Account Overdraft Litig.*, 830 F.Supp.2d 1330, 1341 (S.D. Fla. 2011), *quoting In re Chicken Antitrust Litig. Am. Poultry*, 669 F.2d 228, 238 (5th Cir. 1982) (The Rule 23(e) analysis should be "informed by the strong judicial policy favoring settlements as well as the realization that compromise is the essence of settlement"); *Isby v. Bayh*, 75 F.3d 1191, 1196 (7th Cir. 1996) ("Federal courts naturally favor the settlement of class action litigation."). "Settlement agreements are highly favored in the law and will be upheld whenever possible because they are a means of amicably resolving doubts and uncertainties and preventing lawsuits." *In re Checking Account Overdraft Litig.*, 830 F.Supp.2d at 1341, *quoting In re Nissan Motor Corp. Antitrust Litig.*, 552 F.2d 1088, 1105 (5th Cir. 1977).

11.     The factors for consideration are: (1) the likelihood of success at trial; (2) the range of possible recovery; (3) the range of possible recovery at which a settlement is fair, adequate, and reasonable; (4) the anticipated complexity, length and expense of further litigation; (5) opposition to the settlement; and (6) the stage of the proceedings at the time of settlement. *See Faught v. American Home Shield Corp.*, 668 F.3d 1233, 1240 (11th Cir. 2011), *citing In re CP Ships Ltd. Sec. Litig.*, 578 F.3d 1306, 1315 (11th Cir. 2009).

12.     Here, consideration of these factors shows the proposed settlement is within the range of possible approval, so notice should be sent and a fairness hearing should be scheduled. Plaintiff and Pollo agree that the Settlement Class includes the 6,096 persons to whom Defendants potentially sent Pollo's advertisements by fax.

13.     Defendants have raised numerous defenses both to class certification and on the merits. These defenses largely focus on imperfections in the records of who received which faxes. In particular, Pollo contends that the telephone call detail records obtained through discovery are insufficient to establish whether a fax was successfully received, and if so, whether

that fax was from Pollo. There is a not insubstantial possibility that Pollo could prevail at trial and the class receive nothing.

14.     A finding of Defendant's liability to the Settlement Class under the TCPA, with statutory damages of $500 per fax, would result in a damage award of at least $3,048,000.00. The Settlement Fund here is $2,150,000.00, or approximately 70%.   Significantly, however, class members who submit a simple claim form can recover their full $500.00, subject only to a *pro rata* reduction if the Settlement Fund is exhausted.

15.     Given the above, the recovery for the class here is well within the range of what is fair, adequate and reasonable. As noted, claiming class members will be paid a pro rata share of the Settlement Fund up to the full $500.00.

16.     Further, the settlement avoids significant further litigation, which would include a contested motion for class certification, cross-motions for summary judgment, possibly a trial, and likely at least one appeal.

17.     Because notice of the settlement has not yet been sent, any opposition by absent class members is unknown and can only be addressed at the final approval hearing.

18.     The stage of proceedings and amount of discovery supports preliminary approval. The settlement was reached after written and oral discovery and the exchange of sufficient information detailing Defendants' faxing activities. The Parties sufficiently gained an appreciation of the strengths and weaknesses of their respective cases. Based upon the foregoing as well as the judgment of experienced trial counsel, this Court should grant preliminary approval for the proposed settlement.

### III.    CLASS CERTIFICATION

19.    The case is certifiable as a class action for settlement purposes pursuant to Rule 23 in that:

a.    The Settlement Class, consisting of 6,096 persons, is so numerous that joinder of all members is impracticable.  These numbers, alone, are sufficient to meet the numerosity requirement of Rule 23.

b.    There are questions of law or fact common to the members of the Settlement Class. Pursuant to Rule 23, there are questions of law and fact common to all members of the Class and those common questions predominate over any questions affecting individual members of the Class.  It is not necessary that all issues be common to the class, but rather only that there be at least one common issue. *Roundtree v. Bush Ross, P.A.*, 304 F.R.D. 644, 659 (M.D. Fla. 2015).  Some of these common questions are, *inter alia*:

1.    Whether the facsimiles sent by or on behalf of Defendant constituted advertisements as defined by the TCPA;

2.    Whether Defendant's conduct, as alleged, violated the TCPA; and

3.    Whether Plaintiff and the Class members are entitled to statutory damages under the TCPA.

c.    The claims of the class representative are typical of the claims of the Settlement Class. Pursuant to Rule 23, Plaintiff's claims are typical of the claims of the members of the Class. "The claim of a class representative is typical if the claims or defenses of the class and the class representative arise from the same event or pattern or practice and are based on the same legal theory. A class representative must possess the

same interest and suffer the same injury as the class members in order to be typical under Rule 23(a)(3)." *Id.* at 660, *quoting Williams v. Mohawk Indus., Inc.,* 568 F.3d 1350, 1356-57 (11th Cir.2009). Plaintiff alleged that it and the other class members were sent Defendant's unsolicited fax advertisements. Here, Plaintiff's claims are identical to the claims of the Class. Further, the named Plaintiff has not alleged any cause of action only on behalf of itself, but rather all of its causes of action alleged are in a representative capacity for itself and for the benefit of the class it seeks to represent.  Therefore, the Class meets the requirements of typicality.

d.      Plaintiff (the class representative) will fairly and adequately protect the interests of the Settlement Class. Pursuant to Rule 23(a)(4), the named Plaintiff is a member of the class it seeks to represent and the named Plaintiff and its counsel have and will fairly and adequately protect the interests of the members of the Class. Plaintiff has vigorously pursued this litigation through qualified counsel and has sufficient understanding of its role as class representative. The settlement on behalf of the Class confers substantial benefits on the Class members. Therefore, the Class meets the requirements of 23(a)(4) and Plaintiff and its counsel are adequate representatives.

20.     Further, within the meaning of Rule 23(b)(3), the questions of law or fact common to the class predominate over individual questions, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.  Pursuant to Rule 23(b)(3), the class action procedure is superior to other available methods for the fair and efficient adjudication of this litigation.  The alternatives, of course, to the class action procedure, are a multiplicity of identical individual suits which would strain Florida judicial resources; or wholesale intervention of all the parties which would be impracticable.  The interest of members

of the Class in individually controlling the prosecution of separate actions is not likely to be a grave concern due to the statutory nature of the potential damages and the size of each class member's damages and thus does not render certification inappropriate.  No evidence has been presented of other lawsuits of this nature against the Defendants, and therefore, the lack of any other litigation concerning the controversy does not prevent certification.  Any difficulties likely to be encountered in the management of this case are not insurmountable. Therefore, that the elements of rule 23(b)(3) are satisfied.

21.     This action is certifiable as a class action for purposes of settlement only with the Class being:

> All persons who were successfully sent a facsimile image of a Pollo Tropical coupon between December 23, 2010 and January 5, 2011 by or on behalf of Pollo Operations, Inc.

22.     Plaintiff, Daisy, Inc., asks the Court to appoint it as Class Representative, and appoint Plaintiff's attorney as Class Counsel.

## III.    THE COURT SHOULD APPROVE NOTICE TO THE SETTLEMENT CLASS.

23.     The parties propose to issue notice by mailing the Class Notice to each member of the Class. A copy of the proposed notice is attached as Exhibit 2 to the attached Agreement.

24.     Under federal law, notice of the settlement must satisfy due process. *Maher v. Zapata Corp.*, 714 F.2d 436, 450-453 (5th Cir. 1983); *Walsh v. Great Atlantic & Pacific Tea Co.*, 726 F.2d 956, 963 (3d Cir. 1983). The Court is vested with wide discretion both as to the manner in which notice is given and the form that notice is to take. 7B Charles Alan Wright et al., FEDERAL PRACTICE AND PROCEDURE § 1797.6 (3d ed. 2005).

25.     Rule 23 (C)(2)(B) requires that the Court "must direct to class members the best notice that is practicable under the circumstances, including individual notice to all members

who can be identified through reasonable effort." Here, the notice will be directly sent to the class members by mail.

26.     Also, the notice "must clearly and concisely state in plain, easily understood language: (i) the nature of the action; (ii) the definition of the class certified; (iii) the class claims, issues, or defenses; (iv) that a class member may enter an appearance through an attorney if the member so desires; (v) that the court will exclude from the class any member who requests exclusion; (vi) the time and manner for requesting exclusion; and (vii) the binding effect of a class judgment on members under Rule 23(c)(3)." Here, the proposed notice satisfies all of these requirements.

27.     Finally, Rule 23(e)(1) provides that notice should be given in "a reasonable manner." Here, the parties have agreed to a reasonable manner of notice; fax to the fax numbers in question and publication.

28.     In conclusion, the proposed notice meets the legal standards for appropriate notice and satisfies Rule 23. Therefore, the Court should approve the proposed notice and authorize its dissemination to the Settlement Class.

## IV.     THE COURT SHOULD SCHEDULE A FINAL FAIRNESS HEARING.

29.     Finally, Plaintiff requests that the Court schedule a final fairness hearing to determine whether the settlement should be finally approved. A proposed Final Approval of Agreement and Judgment is attached as Exhibit 3 to the attached Agreement.

## V.     CONCLUSION.

WHEREFORE, Plaintiff, Daisy, Inc., respectfully requests that this Court enter a preliminary approval order in the form attached as Exhibit 1 to the Agreement (and Exhibit B hereto), granting preliminary approval of the proposed settlement, directing that the members of

the Class be notified about the proposed settlement in the form and manner agreed by the parties (Exhibit 2 to the Agreement), and setting dates for opt-outs, objections, and a final approval hearing. The proposed order attached as Exhibit B hereto has proposed dates filled in.

s/ Ryan M. Kelly
Ryan M. Kelly, Esq. – FL Bar No.: 90110

ANDERSON + WANCA
Brian J. Wanca
Ryan M. Kelly
3701 Algonquin Road, Suite 500
Rolling Meadows, IL 60008
Telephone: (847) 368-1500
Facsimile:  (847) 368-1501

*Counsel for Plaintiff Daisy, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on November 20, 2015, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all attorneys of record.

s/ Ryan M. Kelly