UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

DAISY, INC., a Florida corporation, individually and as the representative of a class of similarly situated persons

        Plaintiff,

v.                                            Case No: 2:14-cv-564-FtM-38CM

POLLO OPERATIONS, INC., EDWARD PRIORE and JOHN DOES 1-10,

        Defendants.
_____/

## ORDER[1]

This matter comes before the Court on the Plaintiff, Daisy, Inc.'s Agreed Motion to Reopen the Case for Purposes of Approval of Class Action Settlement (Doc. #105) filed on November 20, 2015. Daisy moves the Court to enter an order (1) reopening the action for purposes of approval of the parties' class-wide settlement; (2) preliminarily approving the proposed class-wide Settlement Agreement attached hereto as Exhibit A (the "Agreement"), (3) approving the form of Class Notice attached as Exhibit 2 to the Agreement and authorizing their distribution to the Class, and (4) setting dates for opt-outs, objections, and a fairness hearing at which time final judgment can be entered.

---

[1] Disclaimer: Documents filed in CM/ECF may contain hyperlinks to other documents or websites. These hyperlinks are provided only for users' convenience. Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees. By allowing hyperlinks to other websites, this Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their websites. Likewise, the Court has no agreements with any of these third parties or their websites. The Court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.

District courts are given discretion to certify a class under Fed R. Civ. P 23. Pierre-Val v. Buccaneers Ltd. P'ship, No. 8:14-CV-01182-CEH, 2015 WL 3776918, at *1 (M.D. Fla. June 17, 2015) (citing Cooper v. S. Co., 390 F.3d 695, 711 (11th Cir.2004)). In exercising this discretion, courts should give weight to the parties' consensual decision to settle class action cases, because they and their counsel are in unique positions to assess the potential risks. Buccaneers Ltd. P'ship, 2015 WL 3776918, at *1 (citing Clark v. Ecolab, Inc., 2009 WL 6615729, at *3 (S.D.N.Y. Nov.27, 2009); In re Nissan Motor Corp. Antitrust Litig., 552 F.2d 1088, 1105 (5th Cir.l977) ("Settlement agreements are highly favored in the law and will be upheld whenever possible because they are a means of amicably resolving doubts and uncertainties and preventing lawsuits.").

Preliminary approval, which is what Daisy seeks here, is the first step in the settlement process. It simply allows notice to issue to the class and for Class Members to object to or opt-out of the settlement. After the notice period, the Court will be able to evaluate the settlement with the benefit of the Class Members' input. Buccaneers Ltd. P'ship, 2015 WL 3776918, at *1 ( citing Newberg on Class Actions at § 11.25 ("If the preliminary evaluation of the proposed settlement does not disclose grounds to doubt its fairness or other obvious deficiencies ... and appears to fall within the range of possible approval, the court should direct that" notice issue and should schedule a final approval hearing.") (citation omitted.).

Preliminary approval of a settlement agreement requires only an "initial evaluation" of the fairness of the proposed settlement on the basis of the written submissions. Buccaneers Ltd. P'ship, 2015 WL 3776918, at *1; Clark, 2009 WL 6615729, at *3 (citations omitted). "A proposed settlement should be preliminarily approved if it is 'within

the range of possible approval' or, in other words, [if] there is 'probable cause' to notify the class of the proposed settlement." Buccaneers Ltd. P'ship, 2015 WL 3776918, at *1 (quoting Fresco v. Auto Data Direct, Inc., 2007 WL 2330895, at *7 (S.D. Fla. May 14, 2007) (internal quotation omitted)).

Here, the Court concludes that the proposed Settlement Agreement is within the range of possible final settlement approval, such that Notice to the Class is appropriate at this time. Therefore, the Motion is due to be granted.

Accordingly, it is now

**ORDERED:**

The Plaintiff, Daisy, Inc.'s Agreed Motion to Reopen the Case for Purposes of Approval of Class Action Settlement (Doc. #105) is **GRANTED**. The case is reopened for the express purpose of approving the Parties Class Settlement Agreement and providing Opt-in Opt-out Notice to Class Members. The Clerk is directed to change the case flag from Administratively Closed to Opened.

1. By stipulation of the Parties, and pursuant to Fed. R. Civ. P. 23, the Court preliminarily certifies the following Settlement Class: "All persons who were successfully sent a facsimile image of a Pollo Tropical coupon between December 23, 2010 and January 5, 2011 by or on behalf of Pollo Operations, Inc." The successful transmissions will be defined as the facsimile numbers identified in Appendix A to the Settlement Agreement with a call length between 30 and 120 seconds. The Parties expressly agreed to this Settlement Class definition for settlement purposes. Excluded from the Settlement Class are: (a) the Defendant Case and its present and former officers, directors,

3

employees and their successors, heirs, assigns, and legal representatives; and (b) the Court and its officers.

2.     The Court finds that class certification is appropriate because: (a) the Settlement Class is so numerous that joinder of all members is impractical; (b) there are common questions of law and fact that predominate over any questions affecting only individual class members; (c) Plaintiffs will fairly and adequately protect the interests of the Settlement Class; and (d) a class action is an appropriate method for the fair and efficient adjudication of this controversy.

3.     The Court appoints Plaintiff, Daisy, Inc. ("Daisy"), as the "Class Representative" and appoints Attorney Brian J. Wanca of Anderson + Wanca as "Class Counsel."

4.     Pursuant to Fed R. Civ. P. 23, the settlement of this action, as embodied in the terms of the Settlement Agreement, is preliminarily approved.

5.     The Settlement Agreement is incorporated by reference into this Order (with capitalized terms as set forth in the Settlement Agreement) and is hereby preliminarily adopted as an Order of this Court.

6.     The Settlement Agreement proposes notice to the Settlement Class by mailed postcard, and by maintaining a settlement website permitting the Claimants to file a claim without charge. The Court finds that such notice satisfies the requirements of due process and Fed. R. Civ. P. 23. The plan is approved and adopted. The Court orders that the Parties provide the notice to the Settlement Class as proposed in the Settlement Agreement.  The Court approves the form of the Notice as contained in Exhibit 2 to the

Settlement Agreement. The Court also approves The Angeion Group as the Settlement Administrator.

7. The Court hereby sets deadlines and dates for the acts and events set forth in the Settlement Agreement and directs the Parties to incorporate the deadlines and dates in the Class Notice:

(a) The Notice shall be sent by the Settlement Administrator on or before **December 10, 2015**;

(b) Requests by any Settlement Class member to opt out of the settlement must be submitted to Class Counsel (with a copy to Defendants' Counsel) on or before **January 14, 2016**, or be forever barred; and

(c) Objections and motions to intervene, including supporting memoranda, shall be filed in this Court and postmarked and served on Class Counsel and Defendant's counsel, on or before **January 14, 2016**, or be forever barred.

8. The final approval hearing, set forth in the Class Notice, is hereby scheduled for **March 16, 2016, at 9:30am.**

**DONE** and **ORDERED** in Fort Myers, Florida this 3rd day of December, 2015.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies:  All Parties of Record