**IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION**

DAISY, INC., a Florida corporation,
individually and as the representative of a
class of similarly-situated persons,
Plaintiff,
v.                                                                  No. 2:14-CV-00564-SPC-CM

POLLO OPERATIONS, INC., EDWARD
PRIORE and JOHN DOES 1-10,
Defendants.
_____/

**FINAL APPROVAL ORDER AND JUDGMENT**

On March 28, 2016, at 3:30 p.m., in Courtroom 5D, United States District Court for the Middle District of Florida, Ft. Myers Division, 2110 First St., Ft. Myers, Florida 33901, the Court held a hearing on the final approval of the settlement agreement between the Plaintiff Class and the Defendant. All persons were given an opportunity to be heard, the Court considering the submissions of the parties, including Plaintiff's Motion for Final Approval of Class Action Settlement, the statements of counsel, and the fairness of the settlement's terms,

**IT IS HEREBY ORDERED THAT:**

1. This Court grants final approval of the Settlement Agreement, including, but not limited to, the releases therein, and finds that the settlement is in all respects fair, reasonable, and adequate, and in the best interests of all those affected by it. Any timely objections that were filed have been considered and are overruled. Accordingly, this Final Judgment and Order binds all members of the Class who did not opt out.

2. This Court has jurisdiction over plaintiff, Daisy, Inc. ("Plaintiff"), the members of the Class, Defendant Pollo Operations, Inc. ("Defendant"), Defendant Edward Priore, and the claims asserted in this lawsuit.

3. This Court finds that the parties entered into the Settlement Agreement in good faith, following arm's-length negotiations with the assistance of a retired federal judge, and that it was not collusive.

## Class Certification

4. On December 3, 2015, pursuant to Federal Rule of Civil Procedure 23, the Court entered an Order preliminarily approving the terms of the Settlement Agreement (the "Preliminary Approval Order").

5. The Preliminary Approval Order certified the following class solely for purposes of settlement: "All persons who were successfully sent a facsimile image of a Pollo Tropical coupon between December 23, 2010 and January 5, 2011 by or on behalf of Pollo Operations, Inc." (the "Class"). The successful transmissions are defined as the facsimile numbers in an identified list produced in the litigation with a call length between 30 and 120 seconds. In the Settlement Agreement, the parties agreed that this is a proper class definition solely for purposes of settlement. Excluded from the Settlement Class are: (a) the Defendant and its present and former officers, directors, employees, and their successors, heirs, assigns, and legal representatives; (b) all persons who opted out of the settlement by timely submitting their opt out request; and (c) the Court and its officers.

6. The Preliminary Approval Order also appointed Plaintiff as the Class

Representative and appointed attorney Brian J. Wanca of Anderson + Wanca as Class Counsel.

## Class Notice

7. Plaintiff submitted the Declaration of Brian S. Devery to demonstrate that the "Notice of Class Action Settlement with Attached Claim Form" (the "Notice") was sent to the members of the Class as ordered in the Preliminary Approval Order. The Court finds that the Notice and the process by which it was sent fully complied with the requirements of Federal Rule of Civil Procedure 23 and due process under the United States Constitution, constituted the best notice practicable under the circumstances, and was due and sufficient notice to all persons entitled to notice of the settlement of this lawsuit.

## Objections and Opt-Outs

8. No members of the Class filed objections to the settlement.

9. The following entity has requested exclusion and is hereby excluded from the Class and this case: Archie Williams Plastering & Drywall, Inc.

## Class Compensation

10. Defendant have created a settlement fund totaling $2,150,000.00 (the "Settlement Fund") and made it available to pay class member claims, to pay an incentive award to Plaintiff for serving as the Class Representative, and to pay Class Counsel's attorneys' fees and reasonable out-of-pocket expenses.

11. As the Parties agreed in the Settlement Agreement, each member of the Class who submits a timely and valid Claim Form will be paid $500.00 regardless of number of fax advertisements received, subject only to a *pro rata* reduction in the event that the claims and other payments approved herein otherwise would exceed the total Settlement

Fund. If more than one Claimant is validated for a single fax number, the total amount payable for such fax number shall still not exceed $500.00. The Settlement Administrator will cause those checks to be mailed after receiving the funds from Defendant. As agreed between the parties, checks issued to the class members will be void 181 days after issuance. Any money remaining from checks issued to claiming class members but not cashed within 180 days of issuance shall be returned to Defendant.

### Awards of Incentive Award and Attorneys' Fees and Costs

12. Pursuant to the Parties' agreement, the Court approves and awards a $15,000.00 incentive award to Plaintiff for serving as the class representative in this matter. If payment by Defendant is late, Defendant shall pay interest on the amount due at the Florida statutory interest rate of 4.75% per annum.

13. Pursuant to the Parties' agreement, the Court approves and awards attorney's fees to Class Counsel in the amount of $537,500.00 (25% of the Settlement Fund), plus reasonable out-of-pocket expenses incurred up to $43,000.00. If payment by Defendant is late, Defendant shall pay interest on the amount due at the Illinois statutory interest rate of 9% per annum.

### Releases and Dismissal

14. All claims or causes of action of any kind by Plaintiff and all Class members are forever barred and released pursuant to the terms of the releases set forth in the parties' Settlement Agreement. This release does not apply to actions brought by the government.

15. This lawsuit is dismissed with prejudice as to Plaintiff and all members of the Class (except that the dismissal is without prejudice as to those persons identified above

who submitted valid exclusions from the Class), and without fees or costs except as provided above.

## Other Provisions

16. The Court adopts and incorporates all of the terms of the Settlement Agreement by reference here.

17. This Court retains continuing jurisdiction over this action, Plaintiff, all members of the Class, and Defendant to determine all matters relating in any way to this Final Judgment and Order, the Preliminary Approval Order, or the Settlement Agreement, including, but not limited to, their administration, implementation, interpretation, or enforcement for 181 days from the filing of this Order.

18. The Parties to the Settlement Agreement shall carry out their respective obligations thereunder.

19. The Court finds that there is no just reason to delay the enforcement of or appeal from this Final Approval Order and Judgment.

20. The Clerk of the Court is directed to enter judgment accordingly, terminate any pending motions and deadlines, and close the file.

**DONE** and **ORDERED** in Fort Myers, Florida this 29th day of March, 2016.

*[Signature]*
SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record